WILLIAM P. BENSEL et al., Executors, etc., Appellants, *v.*
HORATIO N. GRAY, Respondent.

(Argued June 2, 1875; decided June 22, 1875.)

THIS action was brought to compel a specific performance
of a contract for the purchase of two tax leases made by the
corporation of the city of New York.

The complaint set out and claimed as existing two tax
leases from the city and possession of the premises there-
under for over twenty-one years. It averred an agreement
with the defendant for a transfer thereof for a specified
sum, to be paid by the latter, part to be secured by his
bond and a mortgage on the leases, and that under the
agreement defendant received and has retained possession
of the premises, and has had delivery of the leases, but
refuses to perform the contract on his part. The relief asked
was for a specific performance, and as security that plaintiff
might have a lien upon the leases and upon the lot, and also
asked for a sale of the leases and lot. The answer alleged
the leases to be invalid, denied possession of plaintiff or
defendant under it, alleged fraudulent representation by
which he was induced to sign the alleged agreement.

The court found that there was no fraud, but that the
contract was fairly obtained and fully expressed the agree-
ment of the parties; that there was no warranty implied by
an agreement to assign a municipal tax lease; that there
was thereby created a subsisting and valid interest in the
premises for the term, and so without any finding as to
whether the leases were valid, as to which there was much
and conflicting testimony given on the trial, judgment was
given for plaintiffs to the effect that upon their executing
assignments of the leases defendant pay the sum agreed with
interest, and in case of failure that all the rights and interest
of the parties in and to the leases and in and to the lot be
sold, defendant to unite in the sale, and the proceeds applied
in payment of said sum, with judgment against defendant for
the deficiency. The findings of fact also disclosed that, after

making the agreement and while in possession under it, defendant bought in the title of the owner of the premises, receiving a deed, and retained possession. The only questions considered at General Term were that of implied warranty, and of the right of defendant to acquire the title in fee and set it up in opposition to any title derived under the lease. The General Term reversed the judgment and granted a new trial, holding that there was an implied warranty of the validity of the leases. *Held*, error (*Boyd* v. *Schlesinger*, 59 N. Y., 301), but that the prayer for relief and the judgment of the Special Term was inconsistent with the theory of the plaintiffs, which was that they were simply required to assign the leases to perform their contract, whether the assignment conveyed a valid interest in the premises or not, while the judgment directed a sale not only of the parties' interest in the leases, but in the lots; that if the agreement was simply to assign the leases, it was necessary to pass upon the testimony as to their validity, as if invalid there was no consideration; and as a determination here in favor of either party would leave untouched some of the merits, it was determined to permit the appellants to take a dismissal of the appeals and to proceed to a new trial. The court, in doing so, refer to some decisions bearing upon questions of law likely to arise upon a new trial as follows: Possession and claim under a municipal tax lease for over twenty years is not adverse to the claim of the owner in fee (*Bedell* v. *Shaw*, 59 N. Y., 46). As to the effect of such a lease as a cloud on title, and where a bill *quia timet* may be maintained: *Rathbone* v. *Hooney* (58 N. Y., 463); *Marsh* v. *City of Brooklyn* (59 id., 280).

*John E. Parsons* for the appellants.

*Abram Wakeman* for the respondent.

FOLGER, J., reads opinion giving appellants leave to take dismissal of appeal, and to have a new trial under order of General Term.

All concur.

Ordered accordingly.