By the Court.—Freedman, J.
Though the defendant may not have entered into actual possession under the contract, it seems clear upon the evidence that, for the purpose of putting plaintiffs off their guard, he held on to the'key delivered to him until he *386 could, make some arrangement with the record-owner for acquiring the fee. Such arrangement he finally succeeded in making and then he took visible possession. But in view of the intimations given by the court of appeals, on defendants’ appeal, to the effect, that possession under a tax lease cannot become adverse to the right of the real owner, the conduct of the defendant becomes immaterial, if the contract was as found below. Indeed, if this rule is to govern the case, it is difficult to see. how the plaintiffs can have any relief whatever.
Under the changed issues of the case the learned judge below was correct in holding that the contract called for a conveyance of a leasehold interest in the land, and not merely for a conveyance of the paper title.
This being so and the tax-leases being clearly invalid, if plaintiffs could ground no rights upon adverse possession, the defendant was legally justified in doing as he did, however wrong his conduct towards the plaintiffs may have been from a moral point of view.
• The case is one involving great hardship to the estate of which the plaintiffs are executors, but in view of the intimations given by the court of appeals by way of admonition, we cannot see how this court can help them.
The judgment must be affirmed with costs.
Speie, J., concurred.
*372 Note. This is the decision on the appeal from a judgment entered on a second trial of this action.
On the first trial plaintiffs recovered judgment, the court resting its decision on the proposition (as controlling the decision of the case) that there was no warranty to be implied in an agreement to assign a tax lease by a municipal corporation, and consequently refusing to pass on the evidence adduced as to the invalidity of the lease.
On appeal by defendant, the general term held that a warranty was implied, and that the refusal of the court below was error, it also *373 held that the fact that the defendant went into possession, under the contract, did not deprive him of the right to acquire it in fee, and to contest the tax title. The judgment below was reversed, and a new trial ordered (38 N. Y. Superior Court, 447).
Plaintiffs stipulated and appealed to the court of appeals. That court (62 N. Y. 632) held, in conformity with its previous decision in Boyd v. Schlesinger, 59 N. Y. 301 (then still in MSS.), that in an agreement to assign a corporation tax lease there was not an implied warranty of title to a leasehold interest, and that consequently the general term decision could not be sustained on the basis on which it was placed. It, however, held that in either of two aspects (which were not presented to or passed on by either the special or general term, and need not have been, under the views which controlled the decision there) it was necessary to pass on the evidence given as to the validity of the leases. (1) If the agreement undertook to assign, not only the leases as merely instruments in writing, but also to transfer the right in the premises for the term in the leases named, it was necessary that the force of that testimony should be passed on. (3) It was equally necessary, even if the agreement did not so undertake, but only to assign the -writing, and thereby agreed to transfer nothing valuable, and so left the contract of the defendant without consideration to support it. It, however, declined to construe the contract, because, if it was construed favorably to the defendant, it might involve the necessity of determining the question of fact as to the validity of the leases, and if the determination was against the validity it would lead to a reversal of a judgment of the special term on a question of fact as to which that court had made no finding, which would be contrary to the established rule.
The court also declined to reverse the judgment of the general term and affirm that of the special term, on the ground that the former was wrong and the latter right on the question of implied warranty, and that the positions taken by the defendant in that court were not in the way of its so doing, inasmuch as they were not pleaded by his answer, nor taken in the court below, because fliere were exceptions taken on the trial by the defendant, which were not considered by the general term, and which might have been presented in his favor if that court had thought it necessary to have noticed them, and which the defendant had a right to urge on the plaintiff’s appeal. (Simon v. Canaday, 53 N. Y. 298).
But for various reasons, among them the fact that the objections to *374 evidence taken by the defendant did not enter into a consideration of the case by the general term, the court concluded to exercise a power which it had frequently in analogous cases felt called on to exercise, and permit the appellants to take a dismissal of their appeal and proceed to a new Prial.
The court referred to previous decisions made by it as'to the effect of municipal tax leases as clouds on titles, as to bills guia timet, and as to its not being possible that possession under a tax lease could become adverse to the right of the real owner.