By the Court.—Freedman, J.
The plaintiff, in order to maintain ejectment, relies upon a record title resting upon a judgment in partition. Such a judgment is conclusive upon all persons specified in §§ 1577 and 1557 of the Code of Civ. Proc., but the defendants in the action, wbt> were not made parties to that suit, are not among the persons so specified.
Before the partition suit was commenced, Townshend had given a lease to Breen, and Breen had gone into possession. Breen also had built a house on the lot in question and he, and his successors in interest, have been in possession of said lot ever since as tenants of Townshend. Whether that possession was rightful or wrongful- as against the plaintiff, it was a claim by the *248 defendants of which they could not be deprived without a hearing. The present action furnished to them the first opportunity of being heard.
The case shows that Townshend is, and since April 22, 1879 has been, in possession of the lot by his tenants, and that his possession is founded upon a sale of the premises for an unpaid assessment, which sale was made to him in September 1871, for the period of ninety years.
From another litigation between the same plaintiff and Townshend, reported in 102 N. Y. 387, it appears that the sale for the assessment was actually followed up by a conveyance by the comptroller to Townshend dated September 19, 1873. This conveyance, if it had been given in proof here, would establish prima facie the regularity of the proceedings which led up to it, and the rightfulness of Townshend’s possession. But this was not done. The case is therefore to be treated as without direct proof of the existence of a conveyance. Nevertheless, as the law never presumes a wrong, it may, under the exceptional circumstances of this case, be inferred that Townshend did take possession under a lease from the corporation.
The case then comes down to this: The plaintiff at the trial showed an apparently good record title, but no possession in himself or in some one of his predecessors in title, while the defendant Townshend showed actual possession founded upon a sale by the corporation of the City of New York for an unpaid assessment, and that his possession under, some authority derived from said corporation commenced before the plaintiff acquired title.
Now it was held by the Court of Appeals in Bedell v. Shaw, 59 N. Y. 46, that possession and claim for over twenty years, under a lease for a term of years executed by a municipal corporation upon a sale for unpaid assessments, are not adverse to, but consistent with the title *249 of the owner in fee, and that they are not in hostility to such title, but in accord with it.
Under this doctrine, reaffirmed by the Court of Appeals in 62 N. Y. 632, Townshend, even if he had made full proof of a lease to himself, could not insist that his possession was adverse to plaintiff’s title.
But on the other hand, the application of the said doctrine does not, upon the meagre state of facts disclosed by the record, entitle the plaintiff to a judgment in ejectment.
To recover in this action the plaintiff, although his record title is good, must establish an immediate right of possession, and as the defendant Townshend is in actual possession, under at least a claim of right for a term of years, and under circumstances which do not of themselves show that his claim is unfounded, the plaintiff must show a right to immediate possession superior to Townshend’s claim.
There being no proof showing the invalidity of the proceedings under which Townshend claims the right of possession, or otherwise showing that Townshend took possession unlawfully, and no proof that the plaintiff or one of his predecessors in title ever was in possession, the plaintiff has not established a right to immediate possession superior to Townshend’s claim.
The defendants are entitled to final judgment upon the verdict ordered with costs.
Sedgwick, Ch. J., concurred.