Ingraham, J., (dissenting)
I am unable to agree that defendant is entitled to judgment on the verdict. The record shows that plaintiff proved a deed from one Stansbury to William H. DeGroot, dated May, 1855, conveying the premises described in the complaint; a deed from William H. DeGroot to Theodore R. B. DeGroot, purporting to ednvey certain premises; the judgment roll in an action to partition the property to which all *250 the heirs at law of William. H. DeGroot and Theodore E. B. DeGroot were parties; a judgment in that action adjudging that the parties to that action were the owners, seized of the property in question, and directing that the said premises be sold by the referee therein appointed; a sale by said referee ; the referee’s deed conveying the property described in the complaint to Dayton, and a deed from Dayton to the plaintiff conveying the said property.
The proofs given on the trial of the conveyance of the property to William H. DeGroot, the record in the partition suit to partition DeGroot property, and of the finding of the court in that suit that the property in question belonged to the parties thereto, and that it should be sold by the referee, were sufficient prima facie evidence of title. Greenleaf v. Brooklyn, &c., R. R. Co., 37 Hun. 436.
And the deed of the referee under that judgment to Dayton, and the deed by Dayton to the plaintiff conveyed the premises described in the complaint to the plaintiff in this action.
It is entirely immaterial whether the conveyance from William H. DeGroot to Theodore E. B. DeGroot covered the premises in question. The action for partition in which the heirs at law of William H. DeGroot and Theodore E. B. DeGroot were parties, made the conveyance under the judgment in that action effectual to convey all the interests of either William H. DeGroot or Theodore E. B. DeGroot.
The fact that the defendant Townshend was in possession of the premises at the time of the trial, or that he on April 22d, 1879, gave a lease of these premises to John Breen who then went into possession, is not sufficient to overcome this presumption.
It is not stated that Townshend made that lease claiming title to the property. As possession is presumed to follow the legal title unless the contrary is shown, Townshend’ s possession would not be presumed to be adverse to the real owner.
*251 The mere finding of the referee in the partition suit that the premises had been sold for taxes does not imply that a lease had been executed, or that Townshend at that time had any right to the possession of the premises under that sale. The tax lease was not proved on the trial. It was, however, held in Bedell v. Shaw, 59 N. Y. p. 46, and in 62 N. Y. 632, that possession and claim under a municipal tax lease is not adverse to, but consistent with the title of the owner in fee, and is not in hostility to the title but in accord with it and in consequence of it, and that the law adjudges the possession of the lessee to be no greater than that of tenant for a term of years.
The finding therefore in the partition case if it amounts to anything, would show that Townshend at that time did not hold as the owner of the property, and is not therefore inconsistent with the finding that the parties in that action were the owners in fee.
I think, therefore, that plaintiff is entitled to judg ment.