JANE W. BOCKES et al., Appellants, *v.* ELEANOR LANSING et al., Respondents.

It is only where there is an instrument or proceeding which on its face purports to create or convey a title paramount to that of the party seeking relief, or an incumbrance thereon, that an action will lie to set aside such instrument or proceeding as a cloud on title.

A referee has no power to amend a complaint on trial so as to change the cause of action from one for equitable relief to one in ejectment.

The complaint in this action alleged in substance that one G. W. being the owner of certain premises described in the complaint, made a general assignment of all his property for the benefit of his creditors to R., who conveyed said premises to S. D. W., to whose rights plaintiff had succeeded; that subsequently a receiver appointed in supplementary proceedings, instituted by a judgment-creditor of G. W., sold the premises to one H., through whom defendants claim title. The complaint asked to have the receiver's deed set aside and canceled, and for an accounting as to rents and profits. *Held,* that the action could not be maintained as one to remove a cloud on plaintiffs' title, as the receiver's deed did not, on its face, convey any title as against plaintiffs, it being subsequent to the title under which they claim, and to establish title defendants would be obliged to show by extrinsic evidence that the assignment was void; that the claim to recover rents and profits could not be sustained, as it appeared plaintiffs were out of possession, and they must recover possession before making such claim; that the complaint could not be sustained as an action of ejectment, as it is framed solely for equitable relief, and does not allege that defendants or any of them are in possession.

(Argued September 16, 1878; decided September 24, 1878.)

APPEAL from judgment of the General Term of the Supreme Court, in the third judicial department, affirming a judgment in favor of defendants, entered upon the report of a referee. (Reported below, 13 Hun, 38.)

The complaint alleged in substance, and the referee found, that on and prior to September 23, 1846, one George Webster was the owner of certain premises in Rensselaer county, which were described in the complaint; that on that day he executed to one David Russell an assignment of all his property, including said premises, for the benefit of creditors. That in May, 1847, said Russell conveyed said premises to Simeon D. Webster, now deceased, to whose rights plaintiffs, as his heirs at law, succeeded. That in October, 1846, one Joseph S. Keeler recovered a judgment in the Supreme Court against said George Webster, which was assigned to David H. Humphrey; that an execution was issued thereon and returned unsatisfied; that supplementary proceedings were instituted thereon, a receiver appointed, to whom said George Webster executed an assignment. That an order was granted authorizing the receiver to sell the premises in question, who sold and conveyed the same to said Humphrey, who conveyed the same to Eleanor Webster, the original defendant. She having died, the present defendants, her heirs at law and devisees were substituted as defendants, and brought in by supplemental complaint.

The relief asked was that the order authorizing the receiver to sell and convey, and the conveyance by him be set aside as a cloud on plaintiffs' title; that defendants be restrained from selling, incumbering or disposing of the property, and that an accounting be had of the rents and profits.

The referee further found that neither the assignee nor his grantee, Simeon D. Webster, ever took possession of the premises in question, but that said George Webster continued in possession down to his death in 1861.

Further facts appear in the opinion.

*James Gibson*, for appellants. The proceedings had by Mrs. Webster through the receiver were invalid and only operated as a cloud on plaintiffs' title. (*Field* v. *Sands*, 8 Bosw., 685; *Conger* v. *Sands*, 19 How. Pr., 8; *Rodman* v. *Henry*, 17 N. Y., 482; *Brown* v. *Gilmore*, 16 How. Pr., 527;

*Crounse* v. *Whipple*, 34 id., 334, 335; Wait's ed., Code, p. 570, § 397; *Van Wyck* v. *Baker*, 10 Hun, 39; *Scott* v. *Ellmore*, id., 68; *Mann* v. *Fairchild*, 2 Keyes, 112; *Rogers* v. *Corning*, 44 Barb., 229 ; *Sharpe* v. *Kelly*, 5 Den., 431 ; R. S. [5th ed.], 35; 1 Cow. & Hill's Notes [Van Cott's ed.], 368; *People* v. *Mayor*, 19 How., 293; *Michigan* v. *Phœnix Bk.*, 33 N. Y., 28; *Griffith* v. *Wells*, 3 Den., 226; *Hyatt* v. *Wood*, 4 J. R., 156; 1 Story's Eq., § 323; *Saunders* v. *Ld. Annesly*, 2 Sch. & Lef., 98, 103; Story on Bailments, § 110; *Doe* v. *Skinner*, 7 Ad. & El., 157; S. C., Smith's L. C. [H. & W. ed.], 537, 571; *Doe* v. *Mills*, 2 B. & Ald., 17; *Norway* v. *Rowe*, 19 Ves., 154; 1 Hovenden on Frauds, 219, 220; *Howard* v. *Ellis*, 4 Sandf. 373; *Shelar* v. *Kelly*, 25 Wend., 392; *People* v. *Stiner*, 45 Barb., 56, 57; *Underwood* v. *Lord*, C., 2 Sch. & Lef., 64; *Bk. of Utica* v. *Miserau*, 3 Barb. Ch., 529; *Moffatt* v. *Strong*, 9 Bosw., 57; *Wells* v. *Thornton*, 45 Barb., 395; Civil Code, § 955; *Scranton* v. *Farmers' Bk.*, 24 N. Y., 427; *Daugery* v. *Angore*, 2 Ves. Jr., 304; *Hammond* v. *Halsey*, 12 Am. L. R. [N. S.], 115, 116; *Jackson* v. *Bradt*, 2 Caine's Ca., 174; *Jackson* v. *Bryan*, 1 J. R., 323; 2 Siderfin, 153; Carthew, R., 101; *Jackson* v. *Sample*, 1 John. Ca., 231.) The summary proceedings by Mrs. Webster, whereby the title claimed by her in her lifetime, and now by the defendants was obtained, were of no force or validity. (*Bitting* v. *Vandenburgh*, 17 How. P., 80; Code, § 298; *In the Matter of Roberts*, 16 Alb. L. Jour., 55; *Lane* v. *Lutz*, 1 Keyes, 203; *Robinson* v. *Stewart*, 6 Seld., 190, 196; *Barnes* v. *Griffin*, 4 Sandf. Ch., 552; *Fletcher* v. *Peck*, 6 Cranch, 133 ; *Jackson* v. *Henry*, 10 J. R., 194; *Anderson* v. *Roberts*, 18 id., 515, 531; *Ledyard* v. *Butler*, 9 Paige, 136.) The only remedy of the plaintiffs for the wrong done them was by an action to set aside the proceedings in question, and the receiver's deed as a cloud on their title, and for relief from the whole. (*Cantine* v. *Clark*, 41 Barb., 633; *Lounsbury* v. *Purdy*, 18 N. Y., 515; *Clark* v. *Underwood*, 17 Barb., 202; *Hackley* v. *Draper*, 4 S. C. R., 614; S. C. on appeal, 60 N. Y., 88; *Wright* v. *Miller*, 4 Seld., 9; *Rie-*

*gal* v. *Wood*, 1 Johns. Ch., 402; *Erie R. Co.* v. *Ramsey*, 45 N. Y., 647, 648; *Baldwin* v. *Mayor*, 42 Barb., 549; *People* v. *Eddy*, 57 id., 603; *Loomis* v. *Wheelwright*, 3 Sandf. Ch., 135; *Michigan* v. *Phœnix Bk.*, 33 N. Y., 28.). The facts call upon the court to interfere and set aside the several acts by which its powers and process have been converted to injustice and oppression. (*Loomis* v. *Wheelwright*, 3 Sand. Ch., 135; Broom's Maxims, 112, 117; *Countess of Rutland Case*, 6 Rep., 53 ; *Wade* v. *Simon*, 13 M. & W., 647; *Sawyer's Case*, 3 Rep., 80; *Fernior's Case*, 3 id., 77; *Warner* v. *Blakeman*, 4 Keyes, 508; 1 Story Eq. J., § 430; *Robertson* v. *Ford*, 3 Edwards, 441; *Michigan* v. *Phœnix Bk.*, 33 N. Y., 25; *King* v. *Platt's Exrs.*, 34 How. Pr., 29; *Marquat* v. *Marquat*, 12 N. Y., 336.) The ground taken that an action of ejectment instead of this action ought to have been brought is wholly untenable. (*Dawley* v. *Brown*, 9 Hun, 461; 2 Story Eq. J., § 959; Code, § 167; *Corning* v. *T. and G. Nail Co.*, 40 N. Y., 204, 207; *Andrew* v. *N. G. S. Co.*, 11 Hun, 404; *Wright* v. *Wright*, 54 N. Y., 437; *Rindge* v. *Baker*, 57 id., 209; *Armitage* v. *Pulver*, 37 id., 495 ; *Emory* v. *Pease*, 20 id., 62; *Lattin* v. *McCarty*, 41 N. Y., 107.)

*James Lansing*, for respondents. The assignment from George Webster to David Russell was void on its face, because it gave the assignee power to sell on credit. (*Rapalee* v. *Stewart*, 27 N. Y., 315; *Kellogg* v. *Slawson*, 11 id., 335; *Jessup* v. *Hulse*, 21 id., 186; *Woodburn* v. *Mosher*, 9 Bab., 255.) Eleanor Lansing, the source of defendants' title, acquired a perfect title under the proceedings upon the Keeler judgment which became a lien, although subsequent to the assignment, because the assignment was invalid. (2 R. S. [m. p.], 359, § 7; Code, § 468; *Pettit* v. *Shepherd*, 5 Paige, 502; *Scott* v. *Howard*, 3 Barb., 321; *Fitch* v. *Livingstone*, 4 Sandf., 712.) These proceedings were proper and regular. (Code, § 459, subd. 3; *Small* v. *Wheaton*, 2 Abb., 316; 4 E. D. Smith, 427; *Owen* v. *Dupignac*, 9 Abb., 184;

*Moak* v. *Coates*, 33 Barb., 501; *Porter* v. *Williams*, 9 N. Y., 147 ; *Drought* v. *Carliss*, 8 How., 56.) Defendants not being trespassers, but holding under claim of written title, cannot be dispossessed by plaintiffs as the latter do not show a superior title. (*Cox* v. *Clift*, 2 N. Y., 118; *Sweet* v. *Tinslar*, 52 Barb., 271.) Plaintiffs could not have as equitable relief judgment for removal of cloud from title and delivery of possession of the premises until it appeared they had a title or right to such possession. (*Lattin* v. *McCarty*, 41 N. Y., 107; *Thornton* v. *St. Paul, etc., R. R. Co.*, 6 Wkly. Dig., 309.)

Rapallo, J. We concur with the General Term in the view that this action cannot be maintained as an action to remove a cloud upon the plaintiffs' title. The plaintiffs' title is founded upon the assignment in trust from George Webster to David Russell executed and recorded in September, 1846, and the conveyance by Russell, the assignee, to Simeon D. Webster, under whom the plaintiffs claim. The defendants claim under a sale by a receiver appointed in proceedings against George Webster, founded upon a judgment recovered against him in October, 1846. This receiver's sale and the deeds from him did not on their face transfer any title, as against the plaintiffs, being proceedings against the plaintiffs' grantor, subsequent to the conveyance from him under which the plaintiffs claim.

Those claiming under the receiver's sale could not establish any title, without first overthrowing the plaintiffs' title by showing by extrinsic evidence that the assignment made by George Webster was fraudulent and void. In such a case, an action of this description cannot be maintained. It is only where there is an instrument or proceeding which on its face purports to create or convey a title paramount to that of the party seeking relief, or an incumbrance thereon, that an action will lie to set aside such instrument or proceeding as a cloud upon the plaintiffs' title.

If, as is claimed, the assignment from Webster is void upon

its face, that is equally fatal to this action, for then the plaintiffs have no title. Assuming it to be valid on its face, the plaintiffs have an apparent title, which cannot be overcome without proof; and the proceedings under which the defendants claim do not of themselves show any title in them, or constitute any cloud upon the plaintiffs' title.

The claim in the complaint to recover rents and profits cannot be sustained, for it appears that the plaintiffs are out of possession. They must recover possession before they are in a position to claim rents and profits. If their allegations are true, their proper remedy is an action of ejectment.

This action can hardly be sustained as an action of ejectment. The complaint is framed solely for equitable relief, viz.: To set aside the order authorizing the receiver to sell, and the conveyance by the receiver, and enjoin the use and any disposition of the property by the defendants, and to compel an account of the rents and profits and a release to the plaintiffs of any interest acquired under the alleged collusive proceedings. The supplemental complaint does not contain the allegations necessary in an action of ejectment, for it does not state that the defendants, or any of them, are in possession. The referee had no power to amend it on the trial, so as to change the cause of action from one for equitable relief to one in ejectment. If such an amendment had been made, the cause would have been triable by jury and not by a referee. The referee having had sufficient grounds on which to deny the equitable relief demanded, the judgment entered on his report cannot, under the circumstances of this case, be reversed because he did not grant legal relief which was not demanded in the complaint and for which it was not properly framed. As no relief could properly be granted on the complaint, as it stood, the exceptions taken on the trial are immaterial.

The counsel for the appellants has cited cases showing that a plaintiff may, under the provisions of the Code which permit the joinder of legal and equitable causes of action, demand in the same action that a cloud upon his title be

removed and that he recover possession. (*Lattin* v. *McCarty*, 41 N. Y., 107.) But to sustain such an action the facts must be alleged which would be necessary to entitle him to the relief, had he sought it in separate actions. In the case cited, the instrument sought to be set aside, as a cloud, was a deed which, apparently and without any extrinsic proof, established a title paramount to the plaintiffs', and the complaint showed that the defendant had fraudulently obtained possession of the premises, and claimed to own them under the deed; and the plaintiff demanded, as relief, possession and the cancellation of the deed. Here, if the plaintiffs have any title at all, it is unquestionably paramount to that of the defendants. The controversy relates rather to the plaintiffs' title than the defendants'. It is no case for the interposition of equity, and the complaint is not such as to maintain an action at law for possession.

The judgment should be affirmed, with costs.

All concur, except MILLER and EARL, JJ., absent.

Judgment affirmed.