WILLIAM MOORES, Respondent, *v.* JOHN TOWNSHEND, Appellant.

In an equitable action, to compel the cancellation of a deed given on a tax sale as a cloud on title, the averment in the complaint of title in the plaintiff was denied by the answer. The only finding or evidence on the subject was a deed purporting to be executed by one describing himself therein as a referee duly appointed by a decree in a partition suit. There was no proof or finding that any of the parties to that action or their grantors ever had title to or possession of the premises, and at the time of and for a long period prior to the execution of such deed defendant was in possession claiming title under the tax deed. *Held,* that a judg ment in favor of plaintiff was unauthorized.

It is essential to the support of a judgment in an action tried by the court that the findings of fact establish a legal right on the part of the success- ful party to the relief granted, and when they do not, and there is noth- ing in the evidence to show such right, an exception to the legal con- clusion of the court directing judgment presents the question on appeal.

Where the only ground for equitable relief stated in the complaint in such an action was the want of an adequate remedy at law, but neither the findings nor the evidence showed that plaintiff could not obtain all the relief he was entitled by an action of ejectment, *held* a judgment in plaintiff's favor was not sustainable.

A party out of possession can only sustain an action *quia timet,* to remove a cloud on title, when it is specially authorized by statute, or where special circumstances exist, affording ground for equitable jurisdiction, aside from the mere allegation of a legal title in plaintiff. The action is not maintain-

able merely to establish a legal title or to recover possession, nor is it maintainable to set aside a conveyance, the invalidity of which appears upon its face, or in proof which the claimant will be required to produce in order to establish title under it.

*Bockes* v. *Lansing* (74 N. Y. 437), *Lattin* v. *McCarty* (41 id. 107), *Remington Paper Co.* v. *O'Dougherty* (81 id. 474), distinguished.

(Argued April 19, 1886; decided June 1, 1886.)

APPEAL from judgment of the General Term of the Supreme Court in the first judicial department, entered upon an order made the first Monday of October, 1884, which affirmed a judgment in favor of plaintiff entered on a decision of the court on trial at Special Term.

The nature of the action and the material facts are stated in the opinion.

*John Townshend* for appellant. Plaintiff having tried his case as "an equity cause," and nothing else, is estopped from claiming that it was any thing else. (*Powell* v. *Waldron*, 89 N. Y. 328, 333; *Heywood* v. *Buffalo*, 14 id. 534, 540; *Rome Bank* v. *Eames*, 1 Keyes, 588, 592; *Main* v. *Fairchild*, 2 id. 106, 112; *Thornton* v. *St. Paul*, 6 Weekly Dig. 309.) The defendant, as he had a right to do, rested on the ground that an action to remove a cloud on the title could not be maintained by one out of possession. (*Powell* v. *Waldron*, 89 N. Y. 333.) To entitle one to come into a court of equity for relief, he must show some grounds for it, such as fraud, mistake, or want of adequate remedy at law. (*Venice* v. *Woodruff*, 62 N. Y. 467; 1 Story's Eq. Jur., § 33; *Ocean Bk.* v. *Olcott*, 46 N. Y. 19; *Allerton* v. *Belden*, 49 id. 378.) Unless there be fraud or some other ground for equitable relief, one out of possession cannot bring an action to remove a cloud on his title. (*Phillips* v. *Gorham*, 17 N. Y. 270; *Bockes* v. *Lansing*, 13 Hun, 41; *S. C.*, 6 Weekly Dig. 16; affirmed, Ct. App., 7 id. 321; 74 N. Y. 437, 442; *Ward* v. *Dewey*, 16 id. 521; 1 Wait's Actions and Defenses, 666.) As a general rule, a party out of possession has no right to resort to equity to remove a cloud upon title. (*Apperson* v. *Ford*, 23 Ark. 746;

*Harrington* v. *Williams,* 31 Tex. 448; *Polk* v. *Pendleton,* 31 Md. 118; *Haythorne* v. *Margarem,* 7 N. J. Eq. [3 Halst.] 324; *Lake Bigler Rd. Co.* v. *Bedford,* 3 Nev. 399; *Burton* v. *Gleason,* 56 Ill. 25; *Clark* v. *Covenant Ins. Co.,* 52 Mo. 272. *Barron* v. *Robins,* 22 Mich. 42; *Thompson* v. *Lynch,* 29 Cal. 189; *Branch* v. *Mitchell,* 24 Ark. 431; *Almony* v. *Hicks,* 3 Head [Tenn.], 39; *Low* v. *Staples,* 2 Nev. 209; *O'Brien* v. *Creig,* 10 Kans. 202; *Taylor* v. *Roundtree,* 28 Wis. 391.) No person but one in possession of land can sustain a bill to remove a cloud upon title by cancellation of an opposing deed or claim. (*Apperson* v. *Ford,* 23 Ark. 754.) Equity will entertain jurisdiction to remove a cloud where complainant is in full possession, or from other cause without adequate remedy. (Story's Eq. Jur. [11th ed.], note *a* to §§ 700, 711; *Sullivan* v. *Finnegan,* 101 Mass. 447; *Bunce* v. *Gallagher,* 5 Blatchf. C. C. 48; *Clousten* v. *Shearer,* 99 Mass. 209; *Woods* v. *Monroe,* 17 Mich. 238.) The plaintiff has an adequate remedy by an action of ejectment, and, in the absence of some ground for equitable interference, to permit one out of possession to maintain this action would be allowing him to try the defendant's title to land without a jury and deprive defendant of his right to a jury trial. (*Hipp* v. *Babin,* 19 How. [U. S.] 278; *Bailly* v. *Briggs,* 56 N. Y. 413.) The plaintiff was bound to show either a regular paper title or actual possession. The barely giving in evidence of a deed to him of the premises fell short of proving a title. (*Gardner* v. *Heart,* 1 N. Y. 529.) Whether the action was a legal or equitable one, or both, the court undertook to try the whole case, and, having done so, should have decided the whole. Having failed to decide the whole, the judgment should be reversed. (*O'Brien* v. *Bowers,* 4 Bosw. 657–663.) It was a prerequisite to plaintiff's right to relief that he should, at least, establish the fact of his ownership of the premises. (*Collins* v. *Clark,* 54 Barb. 184.) Defendant, being in possession, this created a presumption of title in him. (*Smith* v. *Lorillard,* 19 Johns. 356; *Ford* v. *Belmont,* 69 N. Y. 567–571.) Recital in a deed is not evidence as against a stranger to the deed. (*Brown* v.

*Goodwin,* 75 N. Y. 412.) Plaintiff cannot amend by making his action a legal action. (*Bockes* v. *Lansing,* 6 Weekly Dig. 16 ; 7 id. 321.) The complaint should have been dismissed. (*Thornton* v. *St. Paul,* 6 Weekly Dig. 309.) The possession of defendants being alleged in the complaint, was not a point in issue, and no finding to that effect was necessary or proper. (*Bridge* v. *Payson,* 5 Sandf. 217; *Barto* v. *Himrod,* 8 N. Y. 483.)

*Robert L. Wensley* for respondent. The general exception " to each and every other finding of fact and conclusion of law " presents nothing for review. ( *Ward* v. *Craig,* 87 N. Y. 557; *Newell* v. *Doty,* 33 id. 83, 93; *Goodrich* v. *Thompson,* 44 id. 324, 335 ; *Laurence* v. *Fowler,* 20 How. Pr. 407, 414.) The recitals of the deed are sufficient as against defendant. (*Acer* v. *Westcott,* 46 N. Y. 389.) A judicial sale will be presumed to have been regular. (*Am. Ins. Co.* v. *Fisk,* 1 Paige, 90.) It will be presumed that the officer making a judicial sale proceeded in conformity with the decree under which he acted. (*Leland* v. *Cameron,* 31 N. Y. 115.) The question whether the findings of fact are supported by the evidence is not before us, as the case does not contain all the evidence. (*Parsons* v. *Coburn,* 2 N. Y. Sup. Ct. 329.) Where the defect is not specified, and the motion (to dismiss complaint) is denied, an exception to the decision is not available if any view of the evidence would sustain a cause of action, and not then unless it appears that the defect could not be supplied. ( *Webb* v. *Odell,* 49 N. Y. 583 ; *O'Neil* v. *James,* 43 id. 93 ; *Cook* v. *N. Y. C. R. R. Co.,* 1 Abb. Ct. App. 433; *Jencks* v. *Smith,* 1 N. Y. 92.) The plaintiff, although out of possession, can maintain an action to remove a cloud upon the title against appellant who is in possession. (*Lattin* v. *McCarthy,* 41 N. Y. 107 ; *Remington Paper Co.* v. *O'Dougherty,* 81 id. 474, 481.) The sale for a sum which includes illegal interest is void. (*In re Willis,* 30 Hun, 13 ; *In re Gantz,* 85 N. Y. 536, 540.) Appellant having requested no finding as to ownership, cannot overturn the judgment for the absence of such finding. (*Bur-*

*nap Nat. Bk.* v. *Nat. Bk. of Potsdam,* 96 N. Y. 125.) Plaintiff is entitled to relief in equity. (Laws of 1871, chap. 381, p. 744 ; *Ward* v. *Dewey,* 16 N. Y. 522; *Crooke* v. *Andrews,* 40 id. 549; *Scott* v. *Onderdonk,* 14 id. 15, 16 ; *Fonda* v. *Sage,* 48 id. 179.)

RUGER, Ch. J.  The relief asked for in this action, and granted, by the judgment appealed from, required the defendant to deliver up for cancellation, as a cloud upon the title, the conveyance under which he occupied the premises in dispute, and that the clerk of arrears cancel the conveyance, and also all records and entries, relating to the same, in his office.  This relief was purely equitable in character and needed for its support the proof of some facts giving the court jurisdiction of such a cause of action.  (*Heywood* v. *Buffalo,* 14 N. Y. 534, 540; *Bockes* v. *Lansing,* 74 id. 437.)

We have been unable to discover, either in the evidence or the findings, any proof of such facts, or of facts sufficient to entitle the plaintiff to either legal, or equitable relief.  The complaint alleged that the plaintiff was the owner of the premises in dispute, and, although this allegation was denied by the answer, neither the evidence nor the findings in this respect supported the complaint.  The claim of the plaintiff for relief rested wholly upon the truth of this allegation, and, being totally unproved, there is no theory upon which he could be entitled to judgment upon the findings, for any relief.

The only title in the plaintiff as appears by the findings of fact, is that derivable from a deed purporting to be executed to him, by one John A. Foley, describing himself as a referee duly appointed in a decree in partition, entered at a Special Term of the Supreme Court January 31, 1882, in an action between one Freeman, plaintiff, and one DeGroat and others, defendants, authorizing the sale of the premises in question by such referee.  The parties to the partition action other than those named are not disclosed, and there is no proof or finding that any of them or their grantors ever had title to, or possession of the premises in dispute or any part thereof.  On

the contrary, the allegations of the complaint as well as the proof showed that the defendant Townshend was, at the time of such decree and for a long period of time prior thereto had been, in possession of the premises, claiming title under a conveyance, dated September 19, 1873, to him, from the comptroller of the city of New York, executed in pursuance of a sale for the non-payment of an assessment, duly imposed in accordance with the statute, by the municipal officers of New York. If we look at the proof it does not aid the findings, for it was wholly confined to the production and proof of the referee's deed and certain alleged terms of sale, which did not disclose any fact bearing upon the ownership of the premises.

This proof was entirely inadequate to establish any title in the plaintiff, as against a stranger to the action in which it was given. The evidence was undeniably competent and was unobjectionable, except as to the order of proof. The question arising thereon was solely as to the legal sufficiency of the evidence, and was fairly presented by the defendant's exception to the finding of law directing judgment for the plaintiff.

It is essential to the support of a judgment that the findings of fact, should establish a legal right on the part of the successful party to the relief granted, and when they do not and there is nothing in the evidence to show such right, an exception to the legal conclusion of the court directing judgment, raises the question, whether upon all of the facts found the party succeeding is entitled to the judgment directed. (*Hemingway* v. *Poucher*, 98 N. Y. 281, 287.) The question, therefore, seems to be properly raised in the case and requires the reversal of the judgment appealed from.

It is further urged by the appellant that the facts disclosed on the trial did not show any right on the part of the respondent to equitable relief. We think this point also is well taken. The only ground alleged for the relief demanded, was the want of an adequate remedy at law, and yet the facts stated showed presumptively the existence of such a remedy, and the falsity of the averment. No reason is averred in the complaint why the plaintiff could not obtain all of the relief to which he was

entitled by an action of ejectment ; and an examination of the findings and evidence shows that none in fact existed. (*Phillips* v. *Gorham*, 17 N. Y. 270.)   The complaint was manifestly insufficient in this respect. (*Bockes* v. *Lansing*, 74 N. Y. 437, 443 ; *Ocean Nat. Bk.* v. *Olcott*, 46 id. 12, 19 ; *Allerton* v. *Belden*, 49 id. 373, 378 ; *Venice* v. *Woodruff*, 62 id. 462, 467.)

We have been unable to find any case where a party out of possession, has been allowed to sustain an action *quia timet* to remove a cloud upon title, except when it was specially authorized by statute, or when special circumstances existed affording grounds for equitable jurisdiction, aside from the mere allegation of legal title.   Indeed the right to resort to a court of equity in such cases was originally based upon the assumption that the legal title to the property had been established by an action at law, and jurisdiction was entertained solely for the purpose of protecting the party in the enjoyment of rights in possession thus legally established, and while the jurisdiction has in the course of time been somewhat extended, it has never been stretched to cover cases brought merely to establish a legal title, or recover possession alone. (Spence's Eq. Jur. 658; Story's Eq. Jur. [11th ed.], § 711 ; Adams on Equity, 199; Pomeroy's Eq. Jur., §§ 1395–1399.) In all the cases cited to the effect that equity will entertain jurisdiction to set aside assessments and conveyances as a cloud upon title, the party bringing the action was in possession of the property, or other circumstances gave equitable jurisdiction. (*Scott* v. *Onderdonk*, 14 N. Y. 9; *Hatch* v. *City of Buffalo*, 38 id. 276; *Fonda* v. *Sage*, 48 id. 173 ; *Marsh* v. *City of Brooklyn*, 59 id. 280, 283.)   When the invalidity of the disputed title appears upon the face of the conveyance, or in any proof which the claimant is required to produce in order to maintain an action to establish it, no suit whatever can be maintained in equity to set it aside, because it is said that a title obviously void, does not constitute even a cloud upon the title of the true owner.   The question in this case is not as to the propriety or impropriety of uniting legal and equitable causes of action in one complaint, but it is whether sufficient

facts have been alleged and proved ˙to sustain such respective causes of action. It was said by Judge RAPALLO in *Bockes* v. *Lansing* (*supra*), that "to sustain such an action the facts must be alleged which would be necessary to entitle him to the relief, had he sought it in ˙separate actions." The cases of *Lattin* v. *McCarty* ˍ(41ˌ N. Y. 107), and *Remington Paper Co.* v. *O'Dougherty* (81 id. 474), have been cited to support the claim that actions to remove a cloud upon title, and recover possession may be joined, and that courts of equity will entertain jurisdiction to give relief in such actions. We do not think that those cases sustain such a doctrine. In both of those cases special circumstances existed outside of the legal title, and right to possession, which conferred the jurisdiction exercised. As was said by Judge RAPALLO, in *Bockes* v. *Lansing*, with reference to *Lattin* v. *McCarty*, "the instrument sought to be set aside as a cloud was a deed which apparently, and without any extrinsic proof, established a title paramount to the plaintiffs, and the complaint showed that the defendant had fraudulently obtained possession of the premises and claimed to own them under the deed." The action there was sustained solely upon the ground that the defendants held the legal title by virtue of a deed fraudulently obtained, and the possession by a fraudulent attornment by the tenant of the owner, and, therefore, ejectment could not have been maintained. These facts were held to give the equitable jurisdiction there exercised. In *Remington Paper Co.* v. *O'Dougherty* (81 N. Y. 481), the action was brought by a purchaser under sale upon execution before his right to a deed had matured, among other things to set aside a · previous conveyance apparently paramount to the plaintiff's right upon the ground that it was forged, and also certain judgments and mortgages which it was alleged had been paid and were kept alive for fraudulent purposes.

It was held that the facts alleged constituted a case for equitable jurisdiction, and that the court having·jurisdiction for some purposes could exercise it to give the relief to which the party was entitled.

No facts are alleged in this case giving the court equitable

jurisdiction, and we are of the opinion that the judgment of the court below should be reversed and a new trial ordered, with costs to abide event.

All concur.

Judgment reversed.