JAMES HAND, APPELLANT, v. ROBERT E. DORCHESTER, RESPONDENT.

*Practice — an order of a County Court, granting a new trial on the ground that the verdict was against the weight of evidence, cannot be reviewed by the General Term.*

Appeal from an order of the County Court of Onondaga county, granting a motion made upon its minutes for a new trial, and directing that the verdict recovered by the plaintiff "be, and the same hereby is, in all things, set aside and vacated, and a new trial granted herein, upon the grounds that said verdict is and was contrary to the law and to the evidence, and against the weight of evidence."

*Held,* that the appeal should be dismissed, as it would be useless for the court to attempt to review the order, as, even if it should find no valid exception upon which the order could be sustained, it could not reverse it, as it could not review so much of the order as granted a new trial, upon the ground that the verdict was contrary to the evidence.

*Reilley* v. *The Delaware and Hudson Railroad Company* (102 N. Y., 383) followed.

APPEAL from an order of the County Court of Onondaga county, granting a new trial and setting aside a verdict in favor of the plaintiff.

*Baldwin & Kennedy,* for the appellant.

*Hiscock, Gifford & Doheny,* for the respondent.

HARDIN, P. J. :

After the plaintiff had recovered a verdict in the County Court of Onondaga county for $225, the defendant made, upon the minutes of the court, a motion for a new trial, specifying numerous grounds, which resulted in an order of that court.

The order states that the verdict " be, and the same hereby is, in all things, set aside and vacated, and a new trial granted herein upon the grounds that said verdict is and was contrary to the law and to the evidence, and against the weight of evidence." Apparently the County Court exercised its discretion. That discretion is not reviewable in this court. (*Reilley* v. *The D. and H. C. Co.,* 102 N. Y., 385 ; S. C., 5 Eastern Rep. 706, 707) Whether or not a verdict is contrary to evidence, in a case tried in the County Court, is a question to be determined by that court. (*Hinman* v. *Stillwell,* 34 Hun, 179.) But the County Court fell into error in not following the settled rule, which is to the effect that a new trial is granted when the verdict is against the evidence, upon payment of costs. (*Bailey*

v. *Park*, 5 Hun, 41.) In that case the court modified an order by striking out the words "with costs to abide the event," and substituted the words "upon the payment of costs," and the order, "as amended," was affirmed.

In *Kelly* v. *Frazier* (2 Civil Pro. R., 327) the court had allowed only ten dollars costs to the defendant. The order did not state on what ground it was made. The court said, the part of the order as to costs "was unwarranted by the practice prevailing upon the subject, for when a verdict is set aside as against the evidence, the moving party is required to pay the costs of the trial. (*Bailey* v. *Park*, 5 Hun, 41.) In that respect the order should be modified, and an order entered setting aside the verdict, upon payment by the defendants of the costs of the trial, and, as so modified, it should be affirmed." That, however, was an appeal from an order made at the Circuit Court in a cause originating in the Supreme Court.

In *Reilley* v. *D. and H. C. Co.* (*supra*), RAPALLO, J., says: "We do not think * * * that the provision of the Code of Civil Procedure changed the former rule, or was intended to give jurisdiction to the Supreme Court to review the exercise of the discretion of an inferior tribunal." (102 N. Y., 387.)

In *Cramer* v. *Lovejoy* (24 Weekly Dig., 572) the General Term of the Fifth Department held that the County Court had power to allow an amendment upon just terms, and that the action of the County Court, in that regard, is reviewable in this court, and distinguished the case from *Reilley* v. *D. and H. C. Co.* (*supra*). The abstract in the digest does not point out the distinction. The appeal in the case of *Cramer* v. *Lovejoy* was from a judgment entered in the County Court.

If this court is without power to review the discretion of the County Court, and that discretion has not been exercised properly by the County Court, then the appeal may be dismissed and the plaintiff allowed to apply to that court for an amendment of its order. (*Smith* v. *Platt*, 96 N. Y., 636.)

Appeal dismissed, without costs.


BOARDMAN, J.:

We cannot say that the new trial was granted because the verdict was against evidence. It was granted "on the grounds that said

*verdict is and was contrary to law* and to the evidence, and against the weight of evidence." It was granted on the law, therefore, and in such a case the moving party should not be charged with the costs of last trial. If there be error in the form of the order, that should be corrected, on motion, in the court below, and not on appeal

The appeal should be dismissed, without costs, as in 34 Hun, 178.

FOLLETT, J.:

It is useless to attempt to review this order, for should we find no valid exception upon which it could be sustained, we would be met by the fact that it also was granted upon the ground that the verdict was contrary to the evidence, and under *Reilley* v. *The D. and H. C. Co.* (102 N. Y., 383) we cannot review an order of a County Court granting or refusing a new trial upon this ground. If the order is not appealable we are without jurisdiction to reverse, affirm or modify it. If we are without power to review the whole order, we are clearly without power to review any part of it.

The appeal should be dismissed, and, as the question is new, without costs to either party.

Appeal dismissed, without costs.