ELLA WEED CENTER, Respondent, v. JAMES I. WEED,
                           Appellant.

*Equity — fraudulent misrepresentations — the existence of a remedy at law must be
pleaded — equitable estoppel and relief — extent of such relief.*

Charles H. Weed died intestate owning three parcels of land. Soon afterwards his wife, E. Ann Weed, died intestate, the owner, as was supposed by her children, other than her son, James I. Weed, of the homestead and its furniture. In fact, she had, before her death, conveyed them to James I. Weed by a deed which he withheld from record. He represented to his sister, Ella Weed Center, that their mother had never parted with the title to the house or the furniture; and upon this representation, and upon a statement that she would own one-third of the homestead and one-fourth of certain personal property, he induced her to sign deeds, by one of which one sister quit-claimed to the other three children all her interest in two parcels of their father's real estate, and in the homestead, in consideration of the execution of another deed by which the three grantees in the first deed quit-claimed to that sister all their interest in the third parcel of the father's real estate. Before these deeds were executed James I. Weed put on record his deed of the homestead from his mother.

In an action in equity, brought by Ella Weed Center to recover the share in the real and personal property which James I. Weed stated that she would have if she executed the deed:

*Held*, that the case was one of equitable cognizance, and that she was not confined to her legal action for the recovery of damages for fraud.

That equity acquired jurisdiction from the allegation in the complaint that James I. Weed obtained the deed from his mother by fraud and deceit, although that question was found against the plaintiff.

That the defense to the action that a remedy existed at law was waived by the failure of the defendant to plead it.

That section 1638 of the Code of Civil Procedure, prescribing three years actual possession in the plaintiff before an action, can be maintained to determine conflicting claims to real estate, had no application, being an action given to the holder of the legal title.

That the fraud of James I. Weed created an equitable estoppel which entitled the plaintiff to relief in equity.

That James I. Weed should be compelled to make good to their full extent his representations as to the interest in the real and personal property which the plaintiff would acquire if she executed the deeds; and this irrespective of the question whether the execution of the deeds actually vested in her an estate less than he stated would so vest.

APPEAL by the defendant James I. Weed from a judgment of the Supreme Court, entered in the office of the clerk of the county of Cayuga, on the 8th day of August, 1891, in favor of the plaintiff,

adjudging her, among other things, to be entitled to a one-third interest in the homestead formerly owned by Ann Weed, and to a one-fourth interest in the personal property upon said premises formerly belonging to Charles H. Weed and to Ann Weed.

*J. D. Teller*, for the appellant.

*C. M. Elliott*, for the respondent.

DWIGHT, P. J. :

The parties to the action were brother and sister, and, with two other sisters, were the only heirs-at-law and next of kin of their father and mother, both of whom had died intestate within a year before this action was commenced. The father died seized of three parcels of real estate in the village of Weedsport, and the mother had been, and it was supposed by the sisters that she was, at the time of her death, the owner in fee of the homestead house and lot in the same village, and the household furniture therein, of which she died in possession. In fact, however, she had, shortly after the death of her husband, conveyed the homestead and furniture to the defendant, subject to her own use during her life, by a deed which he had withheld from record, and the existence of which he had concealed from his sisters, although he had been in the possession of the property conveyed from the time of his mother's death. The defendant, moreover, for the purpose of inducing the plaintiff to become a party to the two deeds hereafter mentioned, fraudulently represented to her that his mother had never parted with her title to any of the property in question, but that his sisters and himself had inherited it from her, and, in effect, that if the proposed deeds were executed, the plaintiff would become the owner of one-third of the homestead property as well as of certain property left by her father. By such concealment and fraudulent representation the defendant induced the plaintiff to become a party to two deeds, by one of which Mrs. Putnam, one of the heirs, quit-claimed to the other three all her interest in two parcels of the real estate of their father, and in the homestead real estate, in consideration of the other deed by which the three grantees in the first quit-claimed to her all their interest in the remaining parcel of the father's real estate, consisting of eight acres of land, with farm buildings. The deeds were pre-

pared for execution, with the knowledge and assistance of the defendant, on the third day of April, and were executed, acknowledged and delivered on the fifth day of the same month; but intermediate their preparation and their execution, the defendant caused his deed of the homestead to be recorded. These facts were found by the referee with great particularity of detail, and upon proofs which support the findings; and he found, as conclusions of law therefrom, that the defendant is estopped from denying, as against the plaintiff, the truth of the representations above mentioned, and is bound to make them good; that he is estopped from asserting, as against the plaintiff, any title in himself, under the deed from his mother, to the one-third interest in the homestead and the one-fourth interest in the personal property which he represented would be hers in case she entered into the proposed arrangement with Mrs. Putnam; that the plaintiff is entitled, legally and equitably, to an undivided one-third interest in the homestead property, and to an undivided one-fourth part of the personal property in those premises; that she is entitled to a decree adjudging her seized in fee of an undivided one-third part of the homestead premises, and the owner of an undivided one-fourth interest in the personal property thereon, and that the decree should direct the defendant forthwith to convey to her by good and sufficient deed such interest in the homestead premises; and judgment was directed and entered accordingly.

We have no doubt that the case was properly one of equitable cognizance. The plaintiff could not have maintained ejectment for an undivided share of the premises in question, because the legal title to the whole was in the defendant. Nor was she, on the facts of this case, confined to her action for damages by the fraud of the defendant. The mere finding that the defendant was not insolvent at the time of the commencement of the action gives no assurance of his ability to respond in damages for the wrong done to the plaintiff, and the whole case tends to show that the only effectual remedy for her was to be found in a resort to the land itself under the protection of a *lis pendens*. Besides equity acquired jurisdiction of the case by virtue of the allegation of the complaint that the deed to the defendant from his mother was without consideration and was obtained by fraud and deceit, and — albeit that issue was finally decided adversely to the plaintiff — equity having thus

acquired jurisdiction of the action will retain it until the whole subject is disposed of. (*Hollister* v. *Stewart*, 20 N. Y. St. Rep., 941, 949; *Ostrander* v. *Weber*, 22 id., 980, 983; *Valentine* v. *Richardt*, 126 N. Y., 272.) Moreover, the defendant waived the defense that the plaintiff had her remedy at law by not pleading it. (See the cases last cited and *Town of Mentz* v. *Cook*, 108 N. Y., 504.)

The case is clearly not within the statutory rule which prescribes three years' actual possession in the plaintiff before an action can be maintained to determine conflicting claims to real estate. (Code of Civil Pro., § 1638.) It is apparent from the terms of that statute that the action there given is one which is based upon the legal title held or claimed by the plaintiff, and that it has no reference to an action for similar relief which proceeds upon equitable grounds; and, so far from possession in the plaintiff being required in the latter class of actions, relief may, in a proper case, be obtained to set aside a deed, or remove a cloud upon title, and to recover possession in a single action (*Lattin* v. *McCarty*, 41 N. Y., 107; *Phillips* v. *Gorham*, 17 id., 270; *Bockes* v. *Lansing*, 74 id., 437, 443), the proper cases for the exercise of such jurisdiction being those in which special circumstances of an equitable character exist outside the legal title and right to possession. (*Moores* v. *Townshend*, 102 N. Y., 387, 393.)

We can have no doubt that an equitable estoppel, especially when it is created by intentional and fraudulent representation, may become the basis for affirmative equitable relief. The principle is fully recognized, though not actually applied, in the case of *Trenton Banking Company* v. *Duncan* (86 N. Y., 221) where, as we gather from the opinion of the court by ANDREWS, J., at pages 228–230, the plaintiff would have been held entitled to affirmative relief against the defendant, if there had been a finding of fraudulent representation or concealment on the part of the latter, in respect to the title to property which had been conveyed to him by a deed not recorded, or proof that his withholding his deeds from record was with a fraudulent intent. The cases of *Wendell* v. *Van Rensselaer* (1 Johns. Ch., 344); *Hungerford* v. *Earle* (2 Vern., 261), and *Storrs* v. *Barker* (6 Johns. Ch., 166), were cited as authority for such holding; and in those cases the principle of estoppel was distinctly applied in favor of the plaintiff in the action.

In the opinion referred to the court says : " To authorize the finding of an estoppel *in pais*, against the legal owner of land, there must be shown, we think, either actual fraud or fault or negligence equivalent to fraud on his part, in concealing his title." There can be no question but that the present case comes fully up to the requirement of the rule thus stated. Here the defendant not merely concealed the fact that he held a deed of the homestead property, but affirmatively represented that his mother had never parted with her title to it, and that it belonged, by inheritance, to the four children, and this he did for the purpose of inducing the plaintiff to consent to a division of his father's estate by which he would himself be the gainer to the extent of one-third of the interest of his sister, Mrs. Putnam, in that portion of the property quit-claimed by her; and it was by means of these representations that he induced the plaintiff to part with her interest in the eight acres conveyed to Mrs. Putnam. There can be no doubt of the application here of the principle of estoppel.

The only question is of the extent to which that principle shall apply in favor of the plaintiff. In *Grissler* v. *Powers* (81 N. Y., 57), the court, in an opinion by ANDREWS, J., says : " We are of opinion that as a general rule the estoppel created by a false representation acted upon, is commensurate with the thing represented, and operates to put the party entitled to the benefit of the estoppel in the same position as if the thing represented was true." Mr. Pomeroy, in his treatise on Equity Jurisprudence, says that the party against whom such an estoppel is established " may even be compelled, at the suit of an innocent purchaser, to make good and specifically perform his representations. Fraud, actual or constructive, is the essential and central element." (2 Pomeroy's Eq. Jur., § 821.) And, further : " The general rule is that if a person interested in an estate knowingly misleads another into dealing with the estate, as if he were not interested, he will be postponed to the party misled, and compelled to make his representations specifically good." (Id., § 807.) It is contended on the part of the appellant here that the principle of estoppel, if it has any operation in this case, can only operate to require the defendant to make good his representations to the extent of the interest in the homestead property which the plaintiff would have taken under the deed of

Mrs. Putnam had the latter been, as the defendant represented, the owner of one-fourth of that property; and the interest thus acquired would have been only one-third of one-fourth, or one-twelfth of the property in question. But this view of the case we regard as too restricted. The representations of the defendant were not confined to a statement of what the plaintiff would receive under the deed from Mrs. Putnam, but extended to an assurance that by entering into the general scheme for a division of the inheritance, and parting with her interest in the eight acres, the plaintiff would become the owner of one-third of the homestead real estate and one-fourth of the household furniture; and such would have been the case but for the deed which he held and fraudulently concealed. It was in reliance upon this representation of the status of the title, and in the expectation of this result, that the plaintiff consented to the scheme proposed and parted with her property.

Under the doctrine of the authorities cited, we think the conclusion of law of the referee was correct, that the defendant was bound to make good to the plaintiff the representation in respect to the title to the property of his mother.

None of the exceptions to the reception and exclusion of evidence on the trial seem to have been well taken.

The judgment appealed from should be affirmed.

MACOMBER and LEWIS, JJ., concurred.

Judgment appealed from affirmed, with costs.