### DETERMINED IN THE

# SECOND DEPARTMENT

#### AT

## GENERAL TERM,

## May, 1895.

---

MARGARET J. TRAVIS, Appellant, *v.* EDWARD R. PHELPS, Respondent.

*Cloud upon a title — essentials of the action.*

An action to remove a cloud upon the title to land can only be maintained in a case where the pretended title is valid upon its face, and where the party in possession will be compelled to resort to extrinsic evidence to show the invalidity of such pretended title and to defend his own.

Where a judgment, at the time of its recovery, appears to have been a lien upon certain land, and the judgment creditor subsequently sells the land upon execution and receives a sheriff's certificate of sale, but the owner of the fee of the land claims that at the time of the recovery of the judgment the title was not in the judgment debtor of record, but was in another person, by virtue of a deed, unrecorded and lost, the pretended title by the sale on execution is so far regular upon its face as to justify the interference of a court of equity.

APPEAL by the plaintiff, Margaret J. Travis, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of Westchester on the 8th day of December, 1894, upon the dismissal of the complaint directed by the court after a trial at the Westchester Special Term.

*Joseph C. Crane*, for the appellant.

*Benjamin F. Gerding*, for the respondent.

BROWN, P. J. :

When this action came on for trial at the Special Term the complaint was dismissed upon the ground that the facts stated therein

did not constitute a cause of action. We are of the opinion that this ruling was erroneous and that the judgment must be reversed.

The action is one to remove a cloud upon the title to land in Westchester county of which plaintiff alleges she is in possession and seized in fee simple.

The complaint alleges the following facts: Bernard Travis acquired title to the land on August 24, 1864, by a deed which was duly recorded on September 6, 1864. By a deed dated October 26, 1877, and recorded October 29, 1877, he conveyed the land to Leonard Travis, who, on March 3, 1885, reconveyed it to Bernard. That the deed from Leonard to Bernard was lost, and that on May 13, 1891, Leonard and his wife executed another deed to Bernard for the purpose of taking the place of the lost deed, and on November 14, 1892, Bernard Travis conveyed the land to the plaintiff. On March 3, 1885, the defendant recovered a judgment against Leonard Travis in the Supreme Court for the county of New York for $225, a transcript whereof was filed and judgment docketed thereon in Westchester county on August 29, 1888. Execution was issued thereon to the sheriff on March 22, 1893, and the property sold to the defendant on June 24, 1893, to whom the sheriff delivered the usual certificate of sale, which had been filed in the clerk's office of Westchester county.

The defendant answered, admitting all the facts alleged as to the recovery of the judgment against Leonard Travis and the issuing of execution thereon and the sale of the land by the sheriff, and denied all other allegations of the complaint.

The rule applicable to this class of actions is well settled. They can be maintained only where the pretended title, which it is alleged constitutes a cloud, or the proceeding which it is apprehended will create one, is apparently valid on its face, and the party in possession will be compelled to resort to extrinsic evidence to show the invalidity of the pretended title and to defend his own. (*Lehman* v. *Roberts*, 86 N. Y. 232; *Bockes* v. *Lansing*, 74 id. 437; *Smith* v. *Reid*, 134 id. 577, 578.)

In this case, assuming, as we must, on this appeal, that the facts alleged in the complaint are true, the proceedings under which the defendant acquired the sheriff's certificate were apparently valid, and if the sale had been perfected and the defendant had received

a deed for the land, he would, in an action to recover its possession, have established a *prima facie* case by the production of the record of the proceedings resulting in the sale. On the other hand, the plaintiff's title was apparently subject to the judgment, and extrinsic evidence was necessary to show that that apparent title was not the real title.

Upon the record Leonard Travis, the judgment debtor, was the apparent owner of the land from October 29, 1877, to May 13, 1891. The judgment, therefore, apparently attached as a lien in August, 1888, when it was docketed in Westchester county.

To prove that what was thus apparent was not the real fact, the plaintiff alleged that Leonard had conveyed the land to Bernard Travis in 1885, and that the deed had been lost, and that the deed of 1891 was but a substitute for the lost conveyance.

These facts created a case within the jurisdiction of a court of equity.

The judgment must be reversed and a new trial granted, costs to abide the event.

CULLEN, J., concurred; DYKMAN, J., not sitting.

Judgment reversed and new trial granted, costs to abide event. ·