MEYER v. WILCOX.

(Supreme Court, Special Term, Kings County.   July 16, 1912.)

1. QUIETING TITLE (§§ 27, 35*)—NATURE AND SCOPE OF REMEDY.
    The relief against a cloud on a title by a suit in equity to remove it
    was not merged in the statutory action for the determination of claims
    to real property provided by Code Civ. Proc. § 1638 et seq.; and hence
    the complaint in such suit need not comply with the requirements pre-
    scribed by the Code relating to complaints in the statutory action.
    [Ed. Note.—For other cases, see Quieting Title, Cent. Dig. §§ 61, 73,
    74; Dec. Dig. §§ 27, 35.*]

2. QUIETING TITLE (§ 46*)—SCOPE AND EXTENT OF RELIEF.
    While the relief obtainable in an action in equity to remove a cloud
    from a title is very similar to that obtainable in a statutory action under
    Code Civ. Proc. § 1638 et seq., the court in the equitable action possesses
    all the powers possessed by the Court of Chancery prior to the adoption
    of the Code of Procedure in 1848.
    [Ed. Note.—For other cases, see Quieting Title, Cent. Dig. § 94; Dec.
    Dig. § 46.*]

3. QUIETING TITLE (§ 7*)—GROUNDS FOR RELIEF IN EQUITY.
    The owner of land is entitled to have a forged deed, regular and valid
    on its face, and which has been recorded, canceled as a cloud on his title.
    [Ed. Note.—For other cases, see Quieting Title, Cent. Dig. §§ 14–33;
    Dec. Dig. § 7.*]

Action by Gustav Meyer against Clayton M. Wilcox on demurrer
to complaint.   Demurrer overruled.

Edward E. Dean, for plaintiff.
Hyman D. Messenger, for defendant.

BENEDICT, J.   The defendant interposed a demurrer on the
ground that the complaint does not state facts sufficient to constitute
a cause of action in a suit to remove a cloud on the plaintiff's title
to certain real property situate in the county of Queens.
[1]. If this were an action under the provisions of the Code to
compel the determination of a claim to real property (chapter 14, tit.
1, art. 5th, §§ 1638 et seq.), the complaint would be obnoxious to a
demurrer for insufficiency, as not complying with the requirements
of section 1639, subd. 1, requiring the plaintiff in such an action to
set forth "the source from or means by which his title immediately
accrued to him."   The plaintiff in the present suit is not to be con-
fined to the statutory action regulated by the foregoing provisions
of the Code.   He may, if his complaint states facts sufficient to war-
rant it, ask relief from this court, sitting in equity, to remove a cloud
upon his title, and this remedy is quite apart from and not merged in
the statutory action afforded by the Code.
[2] It is true that the relief granted in both cases is very similar
when the final judgment or decree is pronounced, but in the equitable
action the court possesses all the powers which the Court of Chancery
possessed before the adoption of the Code of Procedure in 1848,
adopted to carry into effect the provisions of the Constitution of 1846.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

[3] The plaintiff alleges that he is "the owner in fee simple absolute" of the real property described in the complaint, and also that he "was at the time of the commencement of this action and ever since has been, in possession of the premises," and that no person other than himself and his grantors and their grantors have ever been in possession thereof. He alleges that the property was formerly owned by Edwin A. Babbage, who died in the year 1876, seised and in possession. He then proceeds to allege that upon the 1st day of September, 1910, a deed of the premises, apparently regular upon its face, and purporting to be executed by one Caroline Babbage Smith, daughter and only heir at law of said Edwin A. Babbage, to the defendant, was placed upon the records of the Queens county clerk's office; that the grantor named in said deed was not a daughter, nor an heir at law of said Edwin A. Babbage, and had no right, title, or interest in the premises, and that no such person as said grantor existed, and that the grantor named in the deed was a fictitious person, and that the deed was a forgery, and, although apparently regular and valid upon its face, it is void and without effect, and constitutes a cloud upon the title of the plaintiff to such an extent that he will be unable to sell the said premises unless or until the deed is canceled and set aside by the judgment of this court; and that he has no adequate remedy at law, and therefore asks relief in this court of equity.

These facts, which by his demurrer the defendant for the purposes of this action admits to be true, are sufficient to warrant the interposition of a court of equity to cancel the deed so as to remove the apparent cloud upon the plaintiff's title which is thereby created. The power of this court to entertain the complaint and grant relief upon equitable grounds is wholly different and apart from the special form of action authorized by the provisions of the Code above referred to. This distinction is pointed out by Dwight, P. J., in Center v. Weed, 63 Hun, 560, 18 N. Y. Supp. 554 (affirmed by the Court of Appeals in 138 N. Y. 532, 34 N. E. 294). He says:

"The case is clearly not within the statutory rule which prescribes three years' actual possession in the plaintiff before an action can be maintained to determine conflicting claims to real estate. · Code of Civil Proc. § 1638. It is apparent from the terms of that statute that the action there given is one which is based upon the legal title held or claimed by the plaintiff, and that it has no reference to an action for similar relief which proceeds upon equitable grounds; and, so far from possession in the plaintiff being required in the latter class of actions, relief may, in a proper case, be obtained to set aside a deed, or remove a cloud upon title, and to recover possession in a single action (Lattin v. McCarty, 41 N. Y. 107; Phillips v. Gorham, 17 [N. Y.] 270; Bockes v. Lansing, 74 [N. Y.] 437, 443), the proper cases for the exercise of such jurisdiction being those in which special circumstances of an equitable character exist outside the legal title and right to possession (Moores v. Townshend, 102 N. Y. 387, 393 [7 N. E. 401])."

The deed which is sought to be canceled in this action and a copy of which is attached to the complaint appears upon its face to be a valid and effectual deed of conveyance. If there were any invalidity patent on the face of the instrument, an action in equity would not lie under well-established authorities; but, as was pointed out by

Judge Height in St. Stephen's Church v. Church of the Transfiguration, 201 N. Y. 1, at page 9, 94 N. E. 191, Ann. Cas. 1912A, 760, where it is apparent that a cloud exists upon the title, valid upon the face of the record, which is invalid or unenforceable from want of consideration, or otherwise, and the invalidity or want of consideration can only be shown by oral testimony dehors the record, a court of equity will entertain jurisdiction.

The demurrer will therefore be overruled, with costs, and with leave to the defendant to answer within 20 days upon payment of costs.