### WHITMAN *v.* FOLEY *et al.*

*(Supreme Court, General Term, Fifth Department.    October, 1889.)*

1. MORTGAGES—FORECLOSURE—EVIDENCE.
    In foreclosure proceedings, the report of a referee as to the amount due on two mortgages stated that sundry payments were made, but that it was not proven in every instance what were the amounts or dates, nor to which of the bonds secured by the mortgages they were applied, but that there was unpaid only $500. Certain amounts were indorsed on the bonds as paid, and no proof was made by defendants of the payment of any particular sums not indorsed, nor of any facts or circumstances on which a finding could be based. A town assessor testified that one of the mortgagees, who had since died, stated, when examined for assessment, that his mortgage was paid to $500, or thereabouts, and an affidavit, made by him for the same purpose, stated that he had but one mortgage, on which there was due about $500. There was other evidence, consisting of admissions of defendants, indicating that much more was due and unpaid. *Held*, that the finding would be set aside, and a new reference ordered.

2. SAME—PAYMENT—EVIDENCE.
   The evidence of the declarations of the mortgagee to the tax assessors was competent on the question of payment.

Appeal from judgment on report of referee.

Action by Betsy Whitman, as administratrix of George H. Whitman, deceased, against Matthew F. Foley and Bridget Dean, to foreclose a mortgage. Plaintiff appeals from the findings of the referee.

Argued before BARKER, P. J., and DWIGHT and MACOMBER, JJ.

*Frank S. Coburn,* for appellant.  *W. E. Hughitt,* for respondents.

BARKER, P. J.   After allowing the payments admitted to have been made, which are indorsed on the bonds secured by the mortgages, there remained unpaid, principal and interest, the sum of $5,675.   The referee found that there was unpaid on both of the bonds, on the 19th day of August, 1885, the aggregate sum of $500, and no more.   He also found that there was subsequently paid on and towards that sum $300, leaving unpaid, at the date of his report, $242.42.   One of the mortgages was originally given to Mr. Whitman; the other was given to Jane Calvert, as mortgagee, which she sold and delivered to the deceased in the year 1875.   The appellant earnestly contends that the finding of the learned referee as to the amount remaining unpaid on the mortgages is unsupported by the evidence, and insists that the only credit the evidence justified the referee in allowing, in addition to those indorsed on the bonds, is the sum of $300, which the evidence tended to prove had been made and never indorsed.   The amount involved in this controversy is so large that we have examined the evidence with the greatest care and attention.   The result of our study of the same is that we are unable to agree with the learned referee in his deduction of fact from the evidence and circumstances of the case.   We are fully convinced that justice to those whom the plaintiff represents as the administratrix of the estate of Mr. Whitman demands that a new trial should be ordered.   We need not, in announcing our decision, state with much detail the features of the case, nor the character of the proof upon which the referee must have relied in support of his report.   The obligor and mortgagor in both of the bonds and mortgages was John D. Foley, who had, a long time before the trial, and in the life-time of the decedent, conveyed all his interest in the premises, and been released from all personal obligations on the bonds, so that the only security remaining to the owner of the mortgages was the land.   The present owners of the premises are the defendants Matthew F. Foley and Bridget Dean, both of whom answered the complaint, the former having acquired his interest in the lands as early as in 1876.   John D. Foley, the mortgagor, also put in an answer, and pleaded in bar of a judgment against him for any deficiency which might arise on the sale a release on the bond executed by the decedent.   On the trial the release was established, and judgment rendered in his favor, and a reference ordered to ascertain the amount due and unpaid on the securities.   Each defendant denied that the sum claimed to be unpaid by the plaintiff, as stated in the complaint, was unpaid, and set up a particular payment of $200, and alleged the payment of other sums, stating they were unable to give the amount of such payments, or to whom the same were made.   On these pleadings the cause was tried.   No proof was made by the defendants of the payment of any particular sum not indorsed on the bonds, nor of any facts or circumstances upon which a finding could be predicated of the amount, time, or place of any particular payment.   The referee, in his report, states "that sundry payments were made upon said bonds by said John B. Foley and others, but it was not proven before me in every instance what were the amounts or dates of said several payments, nor upon which of said bonds the same were applied; but such payments were to such an amount that on the 9th day of August there was due upon both of said bonds and mortgages to said George A. Whitman, or upon which-

ever one the same was then unpaid, the sum of $500, and no more." From the evidence no account could be stated showing the sums paid, except those which were indorsed upon the securities, and the further sum of $300 found to be paid since August, 1885. It is evident that the referee, in finding the sum unpaid, must have relied upon the evidence of declarations made by Mr. Whitman to the town assessors in the years 1883 and 1885, when he was examined by them for the purpose of determining the amount of personal property for which he should be assessed. This evidence was entirely competent as bearing upon the question of payment, and was properly received and considered by the referee. The question before the assessors was, what amount of personal property should be assessed to Mr. Whitman? Not how much was unpaid on the Foley mortgages, although that might have been a proper subject of inquiry in determining the matter under consideration before the assessors. The burden of proof was on the defendants, and all payments credited to them must be supported by proof, and not allowed on mere guess or conjecture. When a party seeks to establish a fact by the admission of his adversary, the language used by him ought to be reproduced by the witnesses who heard his statements, so that the court may determine whether the fact in dispute was conceded to exist, giving the words used their usual and customary meaning. It is a dangerous species of evidence, and should always be scrutinized and received with caution. The witnesses, the two assessors, were unable to narrate the conversation they had with the decedent, and stated that they could not do so with any degree of accuracy by giving the language used when he referred to the amount unpaid on the Foley mortgages. The examination before the assessors was partly in writing signed by the decedent, and the remainder was an oral statement made during a conversation carried on between them. No court would be justified in holding that the written statements made in the years 1883 and 1885, standing alone, contain an admission that the sum of $500 only was unpaid on the Foley mortgages on the day the last statement was made and verified. Both of the assessors stated, in substance, that they do not recollect that the Foley mortgages were mentioned in the examination of 1883. In speaking of the examination in 1883, one of the assessors, Mr. Miller, said he could not give the conversation that took place between Mr. Whitman and the assessors in that year; that he could give some of it, but could not give it word for word,—very little of it, probably. Minutes were kept of statements made by him. Mr. Norman, the other assessor, stated that he conducted the examination of Mr. Whitman in the year 1885. He said, on that occasion, $500 was all we could put him down for, and I asked him if the Foley boys had paid their mortgage off to $500. He answered, "Yes." He said they had paid the interest and principal to $500, or thereabouts. And in the same examination Mr. Whitman told him he never owned but one mortgage against the Foleys. These statements, when taken together, relate to only one of the mortgages in suit, and in the affidavit made the same day reference is only made to one mortgage. The entire affidavit is as follows: "George A. Whitman, sworn, says that he has but one mortgage at the present time, upon which there is now due him about $500. [Signed] GEORGE A. WHITMAN." There is other evidence in the case bearing on the question of the amount due, consisting of the admissions of the defendants, who are now the owners of the fee, indicating that the sum claimed to be due by the plaintiff was due and unpaid at the time this action was commenced. Upon the whole case we are fully convinced that the judgment should be reversed, for the reason that the facts found by the referee are not supported by the evidence. Judgment reversed, and new trial granted before another referee, with costs of this appeal to the appellants to abide the final award of costs. All concur.