PERCIVAL ROBERTS et al., Appellants, *v.* FRANCIS H. TOBIAS et al., Respondents.

The General Term, on appeal from a judgment entered on the decision of the court on trial without a jury, has the power to reverse on the facts and order a new trial, although no exceptions to the findings of fact have been taken; but in such case it should appear in its order that the reversal was upon questions of fact as well as of law.*

In the absence of such a statement this court is required to presume that the reversal was upon questions of law only.

Where there is no evidence tending to sustain a finding of fact, it is a ruling upon a question of law, but in order to present it an exception must be taken.

Where, therefore, there is no exception to a finding of fact and an order of reversal by the General Term does not state it was upon the facts, and no error of law appears in the record, the order is not sustainable here, although there was no evidence to sustain the finding of fact.

(Argued February 25, 1890; decided March 18, 1890.)

APPEAL from an order of the General Term of the Supreme Court in the first judicial department, made June 18, 1887,

---

*After the decision herein, the General Term amended its order by inserting therein a statement that the reversal was upon a question of fact, and under a stipulation of the parties a re-argument was ordered. The legal points decided are left undisturbed.— REPORTER.

reversing a judgment in favor of plaintiff rendered upon the decision of the court on trial at Special Term.

The nature of the action and the facts, so far as material, are set forth in the opinion.

*A. H. Ammidown* for appellants. There are no exceptions in the case, and so no question of law was presented to the General Term. (*St. John* v. *A. M. L. Ins. Co.,* 2 Duer, 419; *Cowing* v. *Altman,* 71 N. Y. 435; *Gormerly* v. *McGlynn,* 84 id. 284; *Nobis* v. *Pollock,* 53 Hun, 441, 442; Code Civ. Pro. § 992; *Briggs* v. *Waldron,* 83 N. Y. 582, 586; *Todd* v. *Nelson,* 109 id. 316, 322, 323; *Ward* v. *Craig,* 87 id. 550, 557; *Wheeler* v. *Billings,* 38 id. 263; *Newell* v. *Doty,* 33 id. 83.) The order of reversal does not state that it was made upon questions of fact, and it must, therefore, be assumed to have been made upon questions of law only, and upon familiar rules must be sustained by some valid exception taken upon the trial. (*Day* v. *Town of New Lots,* 107 N. Y. 148, 153; *E. C. F. Co.* v. *Hersee,* 103 id. 25, 28; *Todd* v. *Nelson,* 109 id. 316, 322; *West* v. *Van Tuyl,* 28 N. Y. S. R. 549; *Tallmadge* v. *Whitman,* 11 Hun, 367; *Dainese* v. *Allen,* 4 J. & S. 98.) The General Term erred in disregarding and ignoring the finding that the assignment was made with intent to hinder, delay and defraud creditors. (*Village of Palmyra* v. *Wynkoop,* 23 N. Y. S. R. 824; Code Civ. Pro. §§ 1010, 1022; *Merritt* v. *Class,* 12 Johns. 102; *Zabriskie* v. *Smith,* 11 N. Y. 480; *Ingersoll* v. *Bostwick,* 22 id. 425; *Howland* v. *Howland,* 20 Hun, 472; *Howell* v. *Mills,* 56 N. Y. 226, 228.) The finding of intent to defraud is sustained even by the portion of the evidence which the defendant chose to print. (*Ball* v. *Loomis,* 29 N. Y. 412: *McIlhargy* v. *Chambers,* 27 N. Y. S. R. 921, 925; *Cowing* v. *Altman,* 71 N. Y. 435; *Columb* v. *Caldwell,* 18 id. 484; *Cobb* v. *Titus,* 10 id. 198; *Ely* v. *Clute,* 19 Hun, 35; *Wilson* v. *Robertson,* 21 N. Y. 587.) As it does not appear by the printed case that all the evidence is contained in it, the conclusive presumption is, that there was sufficient evidence to sustain the finding of fraudulent intent.

(*Grant* v. *City of Brooklyn*, 22 N. Y. S. R. 713; *Porter* v. *Smith*, 35 Hun, 118; 107 N. Y. 531; *Howland* v. *Howland*, 20 Hun, 472.) The General Term order does not purport to reverse for error of fact, and the facts found must be taken as true. (Code, § 1338; *Prosser* v. *F. N. Bank*, 13 N. E. Rep. 287; *Billings* v. *Russell*, 101 N. Y. 226; *Day* v. *Town of New Lot* 107 id. 148; *Lewis* v. *Barton*, 106 id. 70, 73.)

*Charles H. Griffin* for respon ents. The absence of a special clause preferring the employes of the assignors does not make the assignment void. (*Richardson* v. *Thurber*, 104 N. Y. 606.) The assignment was properly executed and accepted by the assignor. The fact that the assignment was not signed by all the assignors at the same moment does not avoid the assignment, as the spirit and the intent of the statute was complied with, even though all the parties who executed and acknowledged the assignment did not do so simultaneously. (*L. & C. Bank* v. *Talcott*, 19 N. Y. 146; *Townsend* v. *Stearns*, 32 id. 209; *Schultz* v. *Hoagland*, 85 id. 464; *Jones* v. *H. Ins. Co.*, 10 N. Y. S. R. 120; *Scott* v. *Mills*, 35 Hun, 263; 110 N. Y. 376; *McIlharghy* v. *Chambers*, 117 id. 532.) The claim of the appellant that the proposed findings are not properly in the case is untenable. (*Jaycox* v. *Cameron*, 49 N. Y. 645; *Ainley* v. *M. R. R. Co.*, 47 Hun, 206; *Lifler* v. *Field*, 47 N. Y. 407; *Rogers* v. *Wheeler*, 52 id. 263; *Smith* v. *G. F. Ins. Co.*, 62 id. 85; *Mandeville* v. *Marvin*, 30 Hun, 282, 288.) The claim of the plaintiff and appellant that, as he has alleged in the complaint, the assignment was made with the intent to hinder, delay and defraud creditors, this must be taken to be true, and the plaintiff was not called upon to prove it, is also untenable, as the defendants' denial upon information and belief is sufficient and proper. (*Bennett* v. *L. M. Co.*, 110 N. Y. 150; *R. G. Bank* v. *Inman*, 51 Hun, 57; *Brotherton* v. *Downey*, 21 id. 426; *F. N. Bank* v. *Leland*, 50 N. Y. 673; *Ainley* v. *M. R. Co.*, 74 Hun, 206; *McKnight* v. *Devlin*, 52 N. Y. 399; *Fitch* v.

*Russell*, 48 id. 672; *Osgood* v. *Toole*, 60 id. 475; *Johnson* v. *Hathorn*, 4 Keyes, 126; *Launsberry* v. *Purdy*, 18 N. Y. 515; *McCormack* v. *Pickering*, 4 id. 276; *L. O. A. & N. Y. R. R. Co.* v. *Marvine*, 18 id. 585; *Tyng* v. *C. W. Co.*, 58 id. 308.) The fact that the court below finds as a finding of fact "that the assignment was made with the intent to hinder, delay and defraud creditors, including plaintiff," is not conclusive, as the court expressly says that it is so because it does not prefer the employes. (*Nicholls* v. *Wentworth*, 100 N. Y. 455.) The provision in the assignment specifying that the assignee shall pay the creditors "ratably and in proportion to their respective demands, without any preference or privity in such distribution," does not in terms infer or raise a legal presumption that the assignors intended to defraud the employes or the general creditors. (*Richard* v. *Thurber*, 104 N. Y. 606; *In re Lewis*, 81 id. 421; *Crook* v. *Rindskopff*, 105 id. 476; *R. W. Co.* v. *Fielding*, 101 id. 510.) The finding of fact that Emmens and Roach were in possession of the assigned property up to the tenth day of August, though the assignment was executed on the seventh day of August, does not avoid the assignment. (*Rennie* v. *Bean*, 24 Hun, 123; *McBlane* v. *Spellman*, 6 Civ. Pro. Rep. 403; *Smith* v. *Boyd*, 18 Wkly. Dig. 461; *Deuzer* v. *Munday*, 5 Robt. 639.) Plaintiff's conclusion that the assignment is also fraudulent and void, because intended to include the firm and individual property in a lump sum for the equal benefit of the firm and individual creditors, is untenable. (*Crook* v. *Rindskopff*, 105 N. Y. 476; *R. W. Co.* v. *Fielding*, 10 id. 510; *F. N. Bank* v. *Halstead*, 20 Abb. [N. C.] 155; *Eyre* v. *Beebe*, 28 Hun, 333; *Friend* v. *Michaelis*, 15 Abb. [N. C.] 354; *Dimon* v. *Hazard*, 32 N. Y. 65; *Saunders* v. *Reilly*, 105 id. 12; *Kirby* v. *Schoonmaker*, 3 Barb. Ch. 46; *Collomb* v. *Caldwell*, 16 N. Y. 484; *Turner* v. *Jaycox*, 40 id. 470; *Bogart* v. *Haight*, 9 Paige, 297; *Hurlbert* v. *Dean*, 2 Keyes, 97; *Seymore* v. *Wilcox*, 14 N. Y. 567; *Hunt* v. *Johnson*, 44 id. 27; *Barney* v. *Griffin*, 2 id. 365; *Goodrich* v. *Downs*, 6 Hill, 438; *Becker* v. *Leonard*, 42 Hun, 221.)

HAIGHT, J. This action was brought to set aside an assignment made for the benefit of creditors upon the ground, as it is claimed, that the assignment was fraudulent and void for the reason that it did not contain a clause preferring the wages or salaries owing to the employes of the assignors as required by the provisions of chapter 328 of the Laws of 1884. The trial court found in favor of the plaintiffs, and awarded them the judgment demanded in their complaint. If the decision was placed upon the ground claimed, it was clearly wrong, and the judgment should have been for the defendants. (*Richardson* v. *Thurber*, 104 N. Y. 606.)

But the difficulty is that the defendants have neglected to observe and comply with the simple rules of practice prescribed by the Code which entitles them to a review of the judgment of the trial court. They have neglected to serve or file any exceptions to the findings of facts or conclusions of law made by the court as provided for by section 994 of the Code of Civil Procedure. If there was no evidence tending to sustain a finding of fact, it was a ruling upon a question of law, and an exception should have been taken thereto. (Code Civ. Pro. § 993.)

The only exceptions appearing in the case are embraced in the following statement : " The defendants respectfully except to the eighth and tenth proposed findings of facts, and as to the first and second proposed findings of law submitted by the plaintiffs' attorney herein." The findings proposed by the plaintiffs' attorney are not printed in the appeal book, and we are unable, therefore, to determine whether they are the same as those signed by the trial judge. The exceptions do not purport to be taken to the decision of the court, and we do not think they can be so considered.

The General Term, however, was of the opinion that it had the right to reverse the judgment even though no exception had been taken. We do not question the power of that court to reverse for errors committed upon the trial, even though they are not raised by exceptions. It is the duty of that court to examine the facts as well as law, and, if errors have been

committed involving the right of a party to recover, it may, in its discretion, grant a new trial. (*G. Bank* v. *Penfield,* 7 Hun, 279–284; 69 N. Y. 502; *Mandeville* v. *Marvin,* 30 Hun, 282–288; *Whittaker* v. *D. & H. C. Co.,* 49 id. 400; *S. O. Co.* v. *A. Ins. Co.,* 79 N. Y. 506; *Hamilton* v. *T. A. R. R. Co.,* 53 id. 25.)

If, therefore, the findings of facts are unsupported by the evidence, or the conclusions of law are not warranted by the findings of fact, the General Term have the power to reverse the judgment and order a new trial. But in this case the General Term has reversed on questions of law and not of fact. The trial court has found as a fact "that the said alleged assignment is void and fraudulent, and was not made in accordance with the statutes in such cases made and provided, but was executed and delivered by the assignors therein named, with the intent to hinder, delay and defraud the creditors of said Emmens and Roach, including these plaintiffs." The evidence appearing in the appeal book does not support this finding. The General Term may have intended to have placed its reversal upon this ground, but it has not done so. Had it been so placed there should have been inserted in the order a statement to the effect that the reversal was made upon questions of fact as well as law, and in the absence of such a statement we are required to presume that the reversal was upon questions of law only. (Code Civ. Pro. § 1338.)

The General Term has, therefore, permitted the finding of fact to which we have alluded, to stand unreversed. By so permitting it, it not only supports, but requires the conclusions of law made, and inasmuch as this court can only review exceptions, it follows that we are powerless to give the defendants relief.

The order of the General Term should, therefore, be reversed and the judgment of the Special Term affirmed, with costs.

All concur except POTTER, J., not voting.

Order reversed and judgment affirmed.