## WHITMAN v. FOLEY et al.

*(Supreme Court, General Term, Fifth Department. October 23, 1891.)*

1. AMENDMENT OF ORDERS AFTER REVERSAL—AUTHORITY OF SUPREME COURT.
    After an appeal has been taken from an order of the supreme court reversing a judgment and granting a new trial, and the court of appeals has reversed such order and affirmed the judgment, and has denied a motion, looking to a reargument in that court, that the *remittitur* of that court be amended by adding a provision granting the right to apply to the supreme court to amend its order by adding that its decision was made on the facts in the case, a motion to make such amendment cannot be entertained by the supreme court.

2. APPEAL FROM INTERMEDIATE ORDER—PRACTICE.
    Where plaintiff, on an appeal from a judgment entered on report of a referee, has failed to comply with the provisions of Code Civil Proc. § 1301, by stating in the notice of appeal that an order denying a motion to set aside the report of the referee and for a new trial would be brought up for review, such order cannot afterwards be appealed from.

Appeal from special term, Monroe county.

Action by Betsey Whitman, administratrix, against Matthew F. Foley and others. From an order denying a motion to set aside the report of the referee, and for a new trial, and a motion to amend a previous order of the gen-

eral term by adding thereto the statement that the order was made on the facts, plaintiff appeals.

Argued before DWIGHT, P. J., and MACOMBER and LEWIS, JJ.

*J. D. Teller*, for appellant.     *Wm. E. Hughitt*, for respondents.

MACOMBER, J. The original motion is an application to this court to amend its order of October 30, 1889, (7 N. Y. Supp. 310,) reversing the judgment, and granting a new trial before another referee, by adding thereto that our decision was made upon the facts in the case. Had this motion been timely made, it probably would have been granted; for the opinion of this court was devoted mainly to the consideration and discussion of the facts as developed upon the trial. The defendants appealed to the court of appeals from the order granting a new trial; and, after hearing the case, that court reversed the order of the general term, and affirmed the judgment entered upon the report of the referee. 26 N. E. Rep. 725. It is disclosed in the moving papers that during the progress of the argument in the court of appeals the question was raised, inasmuch as there appeared in the record no statement of this court that our reversal rested upon questions of fact, that the facts were not before the court of appeals, and that, consequently, that court would consider only errors of law. No effort seems to have been made at that time to arrest the further hearing of the case in the court of appeals for the purpose of making application to this court for an amendment of the order now asked for. The argument consequently continued, with the result above stated. On the 9th day of March, 1891, a motion was made in the court of appeals to amend the *remittitur* of that court by adding thereto a provision granting the right to the plaintiff and appellant to apply to the general term of the supreme court to amend the order and judgment of October, 1889, by adding thereto that the decision of this court was made upon the law and the facts in the case, and sending the return back to that court for the purpose of making such amendment, and directing that the order and judgment of the court of appeals be declared to be made without prejudice to such application. Such motion was afterwards wholly denied by the court of appeals. We know of no authority to sustain our right to entertain this motion. It certainly does not exist in the case of *Roberts* v. *Tobias*, 120 N. Y. 1, 665, 23 N. E. Rep. 1105, and 24 N. E. Rep. 1024. It is stated in the foot-note to the above case that the reargument in that case was made upon the stipulation of the parties, after an amendment of the general term order was made, by inserting therein a statement that the reversal was upon a question of fact. We are not advised by the reported case whether the amendment made by the general term was by consent or not. But there appears before us, by an affidavit of one of the attorneys in that action, that the amendment made at the general term therein was by consent of the parties. Yet it could make no difference in our disposition of this case whether it was done by consent or otherwise, for the court of appeals, as pointed out above, has denied the plaintiff's application looking to a reargument in that court, and for leave to apply to us for such an amendment. *Hamlin* v. *Sears*, 82 N. Y. 328. This, perhaps, is all that need be said touching the original motion.

The other portion of the case relates to an appeal of the plaintiff from an order denying the motion to set aside the report of the referee and for a new trial. It seems to us, however, that this order was necessarily covered by the decision of this court made upon the appeal from the judgment itself. The plaintiff, upon that appeal, conclusively placed before this court every legal question arising upon the case contained in the record as settled. It was not competent for the plaintiff to have appealed from the judgment, and have reserved for future consideration by the court at general term any question relating to the merits of the judgment so appealed from, already appearing. By section 1301 of the Code of Civil Proceedure it was competent for the plain-

tiff, in her notice of appeal, to state in such notice of appeal that such order would be brought up for review. A failure to give such notice in the notice of appeal deprived the appellant of the right to review such intermediate order. Under our practice, it is competent, often, to review by appeal some intermediate order or interlocutory judgment before the entry of the final judgment. But such reviews are taken under special provisions of the Code, not necessary here to mention. But where the appeal is from a final judgment, as it was in this case, we know of no provision of the statute which permits the appellant, when defeated on such appeal, to attempt to retrieve his misfortunes by reverting again to some intermediate order made in the case. The order appealed from must be affirmed, and the motion denied. Order affirmed, with $10 costs and disbursements, and the motion denied. All concur.