PATRICK CUDAHY et al., Appellants, *v.* CLARKE D. RHINEHART as Sheriff, etc., Respondent.

Where there are several attaching creditors of the same property, the title of the debtor to which, is in dispute, and on demand some give indemnity to the sheriff and others refuse to do so, the latter, where it appears that the sheriff acted in good faith and fully apprised them of the facts, will be precluded from claiming the avails of the attached property, although their attachments were prior to those of the creditors who gave indemnity.

Where an order of General Term reversing a judgment, in an action tried by the court or a referee, does not state that the reversal was on questions of fact, for the purposes of review here, the record imports conclusively that the reversal was on questions of law only ; and this, although the opinion of the General Term shows that it was upon the facts.

In such a case it is incumbent upon the respondent here in order to sustain the order of reversal to point out some ruling and exception taken on the trial, and where the findings of the trial court sustain the judgment and there are no findings or requests to find the fact upon which the reversal was based, and no exceptions to any ruling thereon appear, the order must be reversed.

This presumption that the General Term proceeded upon questions of law applies to appeals from reversals only; it does not preclude this court from presuming that an affirmance was upon the facts.

In an action against a sheriff to recover damages for an alleged false return upon an execution, judgment was rendered for plaintiffs upon a referee's report, which contained findings of fact sustaining it. Both parties appealed, the plaintiff claiming that the award of damages was insufficient ; the General Term reversed the judgment on defendant's appeal, holding that plaintiffs were not entitled to recover anything. The order of reversal did not state it was upon the facts and no exceptions appeared in the case. *Held,* that while the order of reversal could not be sustained on appeal to this court, it was in effect an affirmance of so much of the judgment as denied plaintiffs' claim for damages beyond the amount recovered, which affirmance was presumably upon the facts; and that, therefore, this court had no power to correct the error, if any, in this respect and could not award to plaintiff a larger judgment than that of the trial court.

(Argued April 18, 1892; decided May 3, 1892.)

APPEAL from order of the General Term of the Supreme Court in the second judicial department, made the second Monday of May, 1891, which reversed a judgment in favor of

plaintiff, entered upon a decision of the court on trial at Special Term and granted a new trial. Said order did not state that the reversal was upon the facts.

This action was brought to recover damages for an alleged false return of an execution issued to defendant, as sheriff of Kings county, in an action commenced by plaintiffs against John H. Bani and Patrick C. Turner, August 14, 1889.

It was admitted upon the trial that on March 12, 1889, three attachments were issued to defendant in actions against Bani & Turner. The second one so delivered being in the action brought by plaintiffs. The deputy sheriff, upon the receipt of the first warrant of attachment, went to the warehouse of C. B. Lockwood & Co., where it was claimed that certain merchandise belonging to Bani & Turner was located, but was informed by the gentleman in charge that no goods belonging to said firm were in their possession. The next day the deputy again went to the warehouse on the same errand, but had with him on this occasion all three attachments. On the sixteenth of August he was served with a certificate from Lockwood & Co., stating that they had no goods belonging to Bani & Turner in their possession. On that day he entered the warehouse and certain goods were pointed out to him as belonging to Bani & Turner. The warehouseman, however, refused to hold the goods in the sheriff's name and the sheriff informed all the attaching creditors, including the plaintiffs, that if they wished him to seize and remove the goods they would have to furnish him with bonds. The other attaching creditors gave the bonds required and the goods were thereupon removed by the sheriff and subsequently sold; no bond was given by the plaintiffs up to the time the goods were taken from the warehouse, they having refused so to do, and none was given by them so far as the levy in question was concerned. The property taken from the warehouse was sold on two different occasions, viz., September 23 and October 15, 1889. The proceeds of the sales amounted to $3,799, which was paid to the other attaching creditors. The amount realized upon the second sale was $520.

Judgment was recovered on the 21st day of November,

1889, in plaintiffs' action and execution levied thereon, which was returned by the sheriff wholly unsatisfied. The judgment below gave plaintiffs $520 (the proceeds of the second sale), with interest. From this judgment appeals were taken both by the plaintiffs and the defendant. The case was heard at the General Term in May, 1890, and judgment was rendered reversing the judgment of the Special Term.

*John J. Macklin* for appellants. The order of the General Term does not state that the reversal was made upon questions of fact as well as law. It must be presumed that the reversal was based upon questions of law only. (*Roberts* v. *Tobias,* 120 N. Y. 1.) If the plaintiffs were guilty of *laches* it did not affect their rights, nor did they thereby lose their priority. (*Peck* v. *Tiffany,* 2 N. Y. 451; *Pach* v. *Gilbert,* 124 id. 619, 620; *Larned* v. *Vredenburg,* 7 How. Pr. 379; 8 id. 77; *Camp* v. *Chesterfield,* 5 Den. 182; Code Civ. Pro. §§ 1406, 1408.) If a creditor can in any case lose his priority because of his failure to indemnify the sheriff before a levy, it must appear that a demand has been made for security and that it was deliberately refused. (Drake on Attachments [6th ed.], § 189; *Smith* v. *Osgood,* 46 N. H. 178; Kneeland on Attachment, §§ 471–475, 502.) Defendant is estopped from now claiming that he was guilty of unlawful acts in seizing and selling property of other persons and paying over the proceeds. (*T. N. Bank* v. *Elliott,* 42 Hun, 122.)

*Charles Putzel* for respondent. The appeal to this court should not be considered on its merits. (*Andrews* v. *Lyng,* 94 N. Y. 16; *Ehrichs* v. *De Mill,* 75 id. 370–374; *Wolstenholme* v. *W. F. M. Co.,* 64 id. 272; *Foot* v. *Æ. L. Ins. Co.,* 61 id. 571, 578; *Whitehead* v. *Kennedy,* 69 id. 462; *Guernsey* v. *Miller,* 80 id. 181; *Cromwell* v. *Burr,* 12 Wkly. Dig. 120; *Meyer* v. *City of Louisville,* 26 Barb. 609; *Hooper* v. *Beecher,* 109 N. Y. 608; *Fairbanks* v. *Corlies,* 1 Abb. Pr. 155.) No lien is acquired by a party under an attachment unless an actual seizure of the property by the sheriff takes

place under said attachment. (Code Civ. Pro. § 649; *Warner* v. *F. N. Bank*, 115 N. Y. 251, 255; *Plympton* v. *Bigelow*, 4 Civ. Pro. Rep. 189; *Smith* v. *Orser*, 42 N. Y. 132; 43 Barb. 187; *Lynch* v. *Crary*, 52 N. Y. 181, 182; *Rodgers* v. *Bonner*, 45 id. 379, 382; *Pach* v. *Gilbert*, 17 Civ. Pro. Rep. 399; 124 N. Y. 612, 619; *Learned* v. *Vandenburgh*, 8 How. Pr. 77; 7 id. 379; Smith on Sheriffs, 256; Crocker on Sheriffs, § 370; Murfree on Sheriffs, § 262.) It may be contended by plaintiffs, their attachment being delivered into the hands of the sheriff prior in time to that of the third attaching creditor, that, therefore, they hold a prior lien upon all property subsequently levied upon. The language of the Code prevents any such unreasonable rule. (Code Civ. Pro. §§ 697, 1406; *Yale* v. *Matthews*, 20 How. Pr. 430; *Burkhardt* v. *Sandford*, 7 id. 329; *Larned* v. *Vandenburgh*, 8 id. 77; Wade on Attach. §§ 32, 248.) The sheriff's right to demand indemnity before executing the attachment upon the property is undoubted, and especially is this the case, where the property to be seized is not in the hands of the debtor himself, but in the hands of some third person, and where the title is disputed. (*Chamberlain* v. *Beller*, 18 N. Y. 115; *Smith* v. *Osgood*, 46 N. H. 178; *Smith* v. *Cicotte*, 11 Mich. 383; *Shriver* v. *Harbaugh*, 37 Penn. St. 390; *Bond* v. *Ward*, 7 Mass. 123; *Townsend* v. *Aeury*, 26 Minn. 203; Drake on Attachments, § 189; Waples on Attachments, 147, 150; Croker on Seizures, §§ 371, 464; 1 Burnsey's Pr. 527; Herman on Executions, § 277, 1875; Freeman on Executions, § 254; Code Civ. Pro. § 657; *Perkins* v. *Pitman*, 34 N. H. 261; *Bond* v. *Ward*, 7 Mass. 123; *Kellogg* v. *Griffin*, 17 Johns. 274; *Van Loan* v. *Kline*, 10 id. 129; *Sterling* v. *Welcome*, 20 Wend. 238; *Cornell* v. *Cook*, 7 Cow. 315; *Dunderdale* v. *Sauvestre*, 13 Abb. Pr. 116; *Price* v. *Shipps*, 16 Barb. 585; *Slocum* v. *Blackburn*, 18 Ark. 309; *Wise* v. *Darby*, 9 Mo. 131; *Albertson* v. *Blackburn*, 28 Ala. 701; *Truits* v. *Ludwig*, 25 Penn. St. 145; *Mickie* v. *P. Bank*, 4 How. [Miss.] 130.) The bond and the written instructions are parts of one instrument, and must be construed together. (*Chester* v. *Bank of Kingston*, 16 N. Y.

336; *Clark* v. *Woodruff*, 83 id. 518.) Plaintiffs are precluded from a recovery in this action for the reason that they have failed to make out any case against the defendant. (Murfree on Sheriffs, § 937; *Nash* v. *Whitney*, 39 Me. 341; *Commonwealth* v. *Lelar*, 1 Phil. 333; *Commonwealth* v. *McCoy*, 8 Watts. 154; 34 Am. Dec. 445; *Commonwealth* v. *Coutner*, 21 Penn. St. 274; *Rector* v. *Clark*, 12 Hun, 189.)

ANDREWS, J. The order of the General Term is general, and as it does not state that the reversal was upon the facts, the only question we can consider is whether, upon any question of law presented by any exception, the reversal was justified. It appears from the opinion that the General Term proceeded upon three grounds: (1) that title to the attached property was not shown to have been in Bani & Turner, the defendants in the attachment; (2) that the sheriff demanded of the plaintiffs a bond of indemnity against the seizure of the property, which was refused, and (3) that the bond given by the plaintiffs was only intended to indemnify the defendant against the seizure of certain property not found.

The difficulty in the way of maintaining the reversal, or of examining here the questions upon which the reversal proceeded, lies in the circumstance that the facts upon which these questions depend were not found, nor was any request made to find them, and there is no exception to any ruling upon either of the questions upon which the reversal was founded. The General Term could reverse on the facts, in the absence of any exception. (*Roberts* v. *Tobias*, 120 N. Y. 1.) If the order of reversal had stated that the reversal was on the facts, it would then become the duty of the court to ascertain from the record whether there was any evidence to sustain the conclusion of the General Term. But, as the record stands, importing conclusively for the purpose of review here, that the reversal was on questions of law only, it is incumbent on the respondent, in order to sustain the order, to point out some ruling and exception taken on the trial, which was erroneous. No such ruling or exception appears. Upon the findings of the trial court, which

do not touch the questions raised by the General Term, the judgment awarding damages to the plaintiffs was justified, and we cannot go outside of such findings in search of other facts, which, if they had been found, would have required a different result, especially as none of the facts upon which the General Term proceeded can be said to have been uncontroverted. No other course is open to us, therefore, except to reverse the order of reversal.

But the plaintiffs claim that a larger judgment should have been awarded them than was given by the trial judge, and that this court should correct the error in that respect. But in this contention, the plaintiffs encounter the difficulty that the General Term had power to reverse or affirm on the facts, and it reversed the order on the defendant's appeal, and held that the plaintiffs ought not to have recovered anything, thereby practically affirming the finding of the trial judge so far as it excluded a recovery beyond the $550, and reversing his finding as to that sum. There was evidence tending to show that the plaintiffs had refused to indemnify the sheriff for the seizure of the property under their attachment and that the bond subsequently given by them was given for a specific and different purpose, and that the plaintiffs accompanied its delivery with written directions supplementing the previous understanding that the bond was not to be treated as having any relation to the property previously seized under the several attachments.

We think it is a sound principle that where there are several attaching creditors of the same property, the title to which is in dispute, and on demand some give indemnity to the sheriff and others refuse to do so, the latter will be precluded from claiming the avails of the attached property, though their attachment may be prior to that of those who give indemnity. The sheriff is bound to act with openness and good faith, and must fully apprise the parties of the facts of the situation, and where this is done and any creditor refuses to give indemnity, it would be very inequitable to permit him to stand by and leave subsequent attaching creditors to take the responsibility and fight the battle, and in case they are successful, take the

fruits of the victory. The principle stated was adopted by the court below and is supported by authority. (*Smith* v. *Osgood*, 46 N. H. 178; see Drake on Attachments, § 189.)

The General Term had power to affirm on the facts the judgment denying the plaintiffs' claim for damages beyond the sum recovered, and this is substantially the effect of the order of reversal. This is an answer to the claim now made that the court should, in disposing of the appeal, go beyond a simple reversal of the order of the General Term. The statute does not preclude the court from presuming that an affirmance by the General Term was upon the facts. The presumption that the court below proceeds on questions of law, applies to appeals from reversals only (Code Civ. Pro. § 1338), and here, as we have said, the order of the General Term, though a reversal in form, was an affirmance of the trial court upon the claim to recover a sum beyond the amount of the original judgment. The result is that the plaintiffs are only entitled to have the original judgment restored.

The order should be reversed and the judgment of the Special Term affirmed, with costs.

All concur.

Order reversed and judgment affirmed.