ANTONINA KOWALEWSKA, as Administratrix, etc., of MICHAEL KOWALEWSKA, Deceased, Respondent, *v.* THE NEW YORK, LAKE ERIE AND WESTERN RAILROAD COMPANY, Appellant.

72h 611
f51ad 31
72h 611
a55ad 85

*Negligence of a railroad company — inspection of a coal car upon its delivery to another company — liability for an injury to a stranger — charge to the jury.*

On the trial of an action brought against the New York, Lake Erie and Western Railroad Company to recover damages for the death of the plaintiff's intestate, the evidence showed that the deceased, while engaged in the employ of a contractor with the Delaware and Hudson Canal Company, in shovelling coal upon one of the defendant's cars into a pocket on a Delaware and Hudson Canal Company's trestle, was killed by another of the defendant's cars running into the one on which he was at work ; that the defendant was engaged in transporting coal over its road consigned to the Delaware and Hudson Canal Company, and delivered the same to that company at the summit of its coal trestle, at which point the cars loaded with coal were taken in charge by the employees of the Delaware and Hudson Canal Company, and run by the force of gravity over its trestle to the pocket where they were to be unloaded by its contractor, and were there stopped ; that the defendant caused its cars to be inspected before going upon the trestle ; that the car which caused the accident in suit was so inspected by an employee of the defendant, marked all right, and sent upon the trestle, where it was boarded by a Delaware and Hudson Canal Company employee, who, in endeavoring to stop it, found that the brake would not work ; that the car continued, with accelerated speed, down the incline of the trestle, causing the collision by which the deceased was injured ; after the accident, it was found that the brake lever of the colliding car was out of

its guard; and that this defect was not a hidden one; but could have been readily seen by looking under the car. The jury rendered a verdict for the plaintiff.

*Held,* that if the brake lever was out of the guard at the time of the inspection of the car by the defendant's inspector, the inspector was negligent in not discovering it, and the defendant's liability was established; that the question whether the lever was out of place at the time the car was inspected, or was subsequently displaced, was a question of fact for the jury, and was settled by the verdict in favor of the plaintiff;

That the deceased was not a co-employee with the servants of the defendant, and, hence, that the rule that the master is not liable for injuries resulting from the negligent acts of fellow-servants had no application.

Where an injury occurs by reason of the negligent acts of two railroad corporations, their liability is several as well as joint, and an action can be maintained against either one of them.

The power of the General Term, even though no exceptions have been taken, to reverse a judgment on account of expressions in the charge of the trial court tending to prejudice the jurors against the defendant, and to induce them to give extravagant damages, will be exercised only where it is apparent that great injustice has been done.

APPEAL by the defendant, the New York, Lake Erie and Western Railroad Company, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of Erie county on the 12th day of April, 1893, upon a verdict rendered at the Erie Circuit, and from an order made, upon a case and exceptions, denying the defendant's motion for a new trial.

*A. D. Scott,* for the appellant.

*Leroy Parker,* for the respondent.

HAIGHT, J. :

This action was brought to recover the damages sustained by reason of the death of the plaintiff's intestate.

On May 13, 1889, the plaintiff's intestate was in the employ of one John Piechowiak, with others, engaged in shovelling coal on one of the defendant's cars into a pocket of the Delaware and Hudson Canal Company's trestle. Whilst so engaged, another car belonging to the defendant company ran against the car in which he was working, causing him to pitch forward through the hole in the bottom of the car into which he was shovelling the coal, inflicting an injury which caused his death on the following day.

The defendant was engaged in transporting coal over its road, consigned to the Delaware and Hudson Canal Company, and delivered the same to that company upon the summit of its coal trestle, at which point the car loaded with coal was taken in charge by the employees of the Delaware and Hudson Canal Company, and run by the force of gravity over its trestle to the pocket or place where it was to be unloaded, and there stopped, at which place the same was boarded by John Piechowiak, or those in his employ, who unloaded the same under a contract with the latter company. It appears that there was a contract between the two companies, but the same is not printed in the appeal book, neither was it produced upon the argument. It appears, however, that the defendant company caused its cars to be inspected as they arrived at the foot of the trestle, and if found in good condition they were drawn up to the top of the trestle with power furnished by the defendant, and there taken in charge by the servants of the Delaware and Hudson Canal Company.

On the day in question, the plaintiff's intestate was engaged as we have described, unloading the car upon the trestle. The car which followed it was inspected at the foot of the trestle by the employees of the defendant, and the brake was found to be out of order, in this : that there was a slack to the chain of the brake ; that thereupon the inspector went under the car and tightened the brake up so as not to let there be too much slack, and finding that there was nothing else the matter with the brake, marked the car as having been inspected and found all right, and sent it on up the incline onto the trestle. As it arrived at the summit of the trestle it was boarded by an employee of the Delaware and Hudson Canal Company, who immediately went to the brake and undertook to operate it, but found that he could not. He thereupon called to another servant in the employ of the latter company, who jumped upon the car, and the two together undertook to turn the brake up, using their best endeavors in this respect. Meantime the car was increasing in speed, running along a slight incline upon the top of the trestle. Other employees of the latter company observing the situation, threw boards under the wheels attempting to stop the car, but were unable to do so, and it proceeded on down the incline colliding with the car in which the plaintiff's intestate was at work, causing the

·accident already · described. After the collision the brake was ,examined, and it.was then found that the lever was out of its guard. .: It is contended that the defendant company had fully performed :its duty, and.that if there was any negligence, it was that of the ,Delaware and Hudson Canal Company in not inspecting the same ·as it arrived at the summit of the trestle when it was taken in charge ·by the.employees of that company. It may not be worth while to ,examine the question of the liability of the latter company, for where injury occurs by reason of the negligent acts of two railroad .corporations, their liability is several as well as joint, and an action ·can be maintained against either one of them. (*Kain* v. *Smith*, 80 N. Y. 458.)

We will, therefore, dismiss the subject by calling attention to the ·fact that the car was inspected by the defendant's servants at the foot of the incline to the trestle and so marked, thus representing .to the servants of the Delaware and Hudson Canal Company that the car was in good order.

The question is, therefore, as to whether the servants of the defendant company properly inspected this car. It was inspected as we have seen, with the result described. Was the lever out of its guard? If so, it was not discovered by the inspectors. The lever could have been readily seen by looking under the car. It was not a secret or hidden defect, and if the lever was then out of its guard, the inspectors were negligent in not discovering it. It is claimed that some of the pockets in the trestle were filled with coal above the tops of the rails, and that the lever might have been knocked out of its place by the coal in some of the pockets over which it passed upon the trestle. There was evidence however, that on the day in question none of the pockets were filled with coal above the rails, and that, consequently, the lever could not have been misplaced in this way. Whether the lever was then out of place at the time the car was inspected, or was subsequently displaced whilst the car was ascending the trestle, was a question of fact for the jury, and a verdict having been awarded in favor of the plaintiff, that issue must be regarded as settled.

The plaintiff's intestate was not a co-employee with the servants of the defendant, and the rule that the master is not liable for injuries resulting from the negligent act of fellow-servants has no

application. (*Svenson* v. *The Atlantic Mail Steamship Company*, 57 N. Y. 108; *Young* v. *The N. Y. C. R. R. Co.*, 30 Barb. 229.)

The deceased was, as we have seen, engaged in shovelling coal in company with others, and does not appear to have seen or heard of the approaching car until the collision. There was no evidence tending to show that he was guilty of contributory negligence.

The appellant complains of the charge of the court as containing expressions tending to prejudice the jurors against the defendant and to induce them to render extravagant damages. No exceptions, however, were taken upon the trial to the expressions now complained of. The General Term may reverse even though there are no exceptions taken. (*Roberts* v. *Tobias,* 120 N. Y. 1; *Cudahy* v. *Rhinehart,* 133 id. 248–252.)

But this power will only be exercised where it is apparent that great injustice has been done. A careful reading of the charge has led us to the conclusion that it was quite fair to the defendant, and the expressions complained of, taken in connection with that which precedes and follows, should not have operated to prejudice the jurors.

Numerous exceptions were taken to the charge as made, and to the requests to charge, that were refused. We have examined them, but find none which we think require a new trial.

The judgment and order appealed from should be affirmed.

LEWIS and BRADLEY, JJ., concurred.

Judgment and order appealed from affirmed.