(10 Misc. Rep. 365.)

MURRAY v. BABBITT.

SAME v. GAST LITHOGRAPHIC & ENGRAVING CO.

(Common Pleas of New York City and County, General Term. December 3, 1894.)

APPEAL—SUFFICIENCY OF EXCEPTIONS.

In an equity action, the trial court filed five conclusions of law, of which one at least was correct. *Held*, that an exception "to each and all" was ineffectual to challenge the validity of any.

(Syllabus by the Court.)

Appeal from equity term.

Actions by William Murray against Rebecca Babbitt, and by the same plaintiff against the Gast Lithographic & Engraving Company, for an injunction and damages. There was a judgment for defendant in each case (28 N. Y. Supp. 271), and plaintiff appeals. Affirmed.

Argued before DALY, C. J., and BOOKSTAVER and PRYOR, JJ.

Benjamin B. Foster, for appellant.

William B. Ellison, for respondents.

PRYOR, J. Upon the trial by the court of actions in equity for injunctive relief and damages, the decision was for the defendants; and findings of fact and conclusions of law were duly filed, pursuant to the then prevalent practice. To the findings of fact no exception was taken, nor was any request made for other or different findings. But to the conclusions of law, in both cases, the appellant filed an exception as follows: "The plaintiff excepts to each and all of the conclusions of law filed herein." The conclusions of law against which the exception is so directed were five in number, and they involved more than a single proposition. The question is, does such an exception present any point for review? We are constrained by imperative authority to hold the exception ineffectual to raise any question of error for revision. As the case does not purport to contain all the evidence, the findings of fact are not for review. Porter v. Smith, 107 N. Y. 531, 14 N. E. 446. Indeed, it is apparent, beyond doubt, that the appellant challenges only the conclusions of law. Moores v. Townshend, 102 N. Y. 387, 7 N. E. 401. Still, to present the point of error in legal conclusions, due exception must be entered of record (Roberts v. Tobias, 120 N. Y. 1, 23 N. E. 1105; Thompson v. Hazard, 120 N. Y. 634, 24 N. E. 278); and that the exception in question is nugatory is not a disputable proposition. In Ward v. Craig, 87 N. Y. 551, 553, the exception was "to the conclusions of law, and to each and every thereof." Held insufficient and of no avail. In Riley v. Sexton, 32 Hun. 245, an exception "to each of the findings of law" was adjudged of no effect. Acc.: Wheeler v. Billings, 38 N. Y. 263; Newell v. Doty, 33 N. Y. 83; Thompson v. Hazard, 120 N. Y. 634, 24 N. E. 278; Bosley v. National Mach. Co., 123 N. Y. 550, 558, 25 N. E. 990; Moyer v. Railroad Co., 88 N. Y. 351, 355; Turner v. Weston, 133 N. Y. 650, 31 N. E. 91; Huerzeler v. Railroad Co., 139 N. Y. 490, 493, 34 N. E. 1101. Supposing the exceptions before us ef-

fectual, if all the conclusions against which it is leveled be errone-ous (Riley v. Sexton, supra), still the validity of the third, namely, that an unconditional gift passes the property, is obviously unquestionable. The rule is too familiar to require or to justify citation of authority in its support, that an exception to a group of propositions is untenable if any one be correct. The conclusion is that we are precluded from review of the very interesting questions which the learned counsel for the appellant submits to our consideration. Judgments affirmed, with costs. All concur.