RYAN v. NEW YORK, N. H. & H. R. CO.

(Circuit Court, S. D. New York. February 10, 1902.)

1 CARRIERS—CONSIGNEES—UNLOADING FREIGHT—DUTY TO PROTECT.

Where a railroad company furnished and hauled a car loaded with concrete for a contractor who was building piers in the company's yard for an overhead highway bridge, the car being loaded and unloaded by the contractor's employés, such employés were rightfully about the car while unloading, and as well entitled to safety from any unusual danger in being near it as a consignee unloading and taking away freight at a depot.

2 SAME—EVIDENCE OF DEFECT—WEIGHT—QUESTION FOR JURY.

Where, in an action against a railroad company for injury to one employed in unloading a car, caused by a door which was suspended by a hook falling, one witness testified positively that he reached up and examined the hook immediately after the accident, and that it was rounded so that it would not be likely to hold, the question whether the hook was defective was for the jury; and their finding should not be set aside, though other witnesses testified that the hook would be out of his reach, and was not situated where he said it was, and produced a hook, which they testified was taken from that place on the car, which was not rounded.

At Law.

Thomas P. Wickes, for plaintiff.
John W. Boothby, for defendant.

WHEELER, District Judge. The defendant furnished and hauled a car loaded with concrete by a contractor building piers in the defendant's yard at Harlem for an overhead highway bridge across

the yard, being built by the city; the concrete to be unloaded wet, and put down about the foundation of a pier by the contractor's men, of whom the plaintiff was one. The car had heavy flap doors at the sides, which turned up under beveled hooks to catch and hold them up for unloading. While the car was being unloaded, one of the doors fell, and struck the plaintiff (who was sprinkling the concrete as it was shoved out and put into the hole for the pier) on the head, and hurt him seriously. This suit is brought for the injury. The plaintiff had a verdict because the car was found to be unfit for prudent use, and the defendant has moved to set it aside for want of duty of the defendant towards the plaintiff, and of sufficient proof of unfitness.

The relation of the defendant to the plaintiff seems to have been the same as that of any carrier furnishing and hauling a car to a consignee who is to unload and take away the freight. That the haul was short, and all within the defendant's yard, and that the delivery was there, would not appear to make any difference. The contractor and his men were there under the exercise of the right of eminent domain of the state by the city, and not as trespassers, or as licensees for a separate purpose. The contractor was rightfully there, and lawfully entitled to have his materials delivered there, to be taken and placed by his men; and his arrangement with the defendant to furnish and haul the car would include a vehicle safe for the receipt and taking away of the freight. Those properly about the car for this purpose would be as well entitled to safety from any unusual danger in being near it as a consignee unloading and taking away freight at a depot, or a passenger approaching or leaving a train, would be to safety from unusual dangers of engines, cars, or stations. Beard v. Railroad Co., 48 Vt. 101; Kowalewska v. Railroad Co., 72 Hun, 611, 25 N. Y. Supp. 184. This was the view in which the case was submitted to the jury.

The claim of the defendant that the plaintiff must prove the dangerous condition of the car, and that this condition caused the injury to him, was recognized and acted upon at the trial. The plaintiff produced a witness who testified that he reached up and examined the hook at that time, and found it rounded so it would not be likely to hold. The defendant produced witnesses who testified that the hook would be out of his reach, and not situated where he said it was, and produced a hook testified to as taken from that place on the car which was not rounded, and claimed that the testimony was so overwhelmingly against there being a defect that the court should direct a verdict for the defendant  The important thing was the defect in the hook, and not its exact location. The direct testimony of the witness to the existence of the defect at that time was more than a mere scintilla. It was positive and substantial. The discrepancies and contradictions were for the jury, and were well laid before them in behalf of the defendant. The whole was to be weighed by the jury, and the question as to this now is not whether they weighed rightly, but whether, in reality, there was anything to weigh, and it appears that there was.

Motion to set aside verdict denied